*Drane, for appellee.*

---

## ELIZA VAUGHT v. NANY SANDFORD, ETC.

Judgments—Default Judgment Against Part of Defendant.

A portion of the defendants on whom process was executed was not bound to answer until the summons was fully served, it was not error, therefore, to set aside the order taking the petition for confessed as to a part of the defendants after process had been fully served, and when they presented an answer containing a substantial defense. The order, taking the petition for confessed, was merely interlocutory.

**Actions—Action to Quiet Title—Legal Title or Possessory Right Must be Alleged.**

An action to quiet the title to land cannot be maintained in the absence of the legal title or some possessory right upon which the proceedings can be based.

APPEAL FROM OWEN CIRCUIT COURT.

June 17, 1872.

OPINION BY JUDGE PETERS:

A portion of the defendants on whom process was executed was not bound to answer until the summons was fully served, it was not error, therefore, to set aside the order taking the petition for confessed as to a part of the defendants after process was fully served, and when they presented an answer containing a substantial defense they had a right to file it, as the order taking the petition for confessed was merely interlocutory. *Alexander & Lancashire v. Quigley's Admr., 2 Duv.* 399. If this be an action to quiet appellant's title a case is neither stated in the petition, nor made out by the evidence to authorize the relief sought under the act of the legislature regulating such proceedings. Appellants neither had the legal title, nor the possessory right to the land. Nor were the pleadings drawn with the view to obtain the legal title from the person in whom it is—so that in no view to be taken of the case is there an available error in the judgment for a reversal.

Wherefore, the judgment is *affirmed*.

*Ford, for appellant.*

*Rodman, for appellee.*