## W. H. ARNETT AND WIFE v. BAIRD & CRAYCROFT.

**Cotenancy — Reservations as to One Cotenant.**

> It is error to subject property purchased jointly to the debts of one of the parties solely, without reserving the rights of one of the purchasers who had paid a part of the purchase money.

**Fraudulent Conveyance — Allegations as to.**

> A mere charge that " the deed was in fraud and the land ought to be subjected to plaintiff's claim," without stating in what the fraud consists nor for what purpose the deed was so made, is totally insufficient as a charge of a fraudulent conveyance.

APPEAL FROM NICHOLAS CIRCUIT COURT.

June 23, 1865.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The court being sufficiently advised delivered the following opinion, to-wit:

Appellees, who were the plaintiffs below, brought suit against W. H. Arnett to subject some land to the payment of their judgment against him on which they had execution and a return of no property.

They subsequently filed an amended petition against Arnett and his wife, setting out that they jointly purchased the seventy-one acres of land of Hamilton at $18 per acre, that Mrs. Arnett paid a part of the purchase price, and her husband the larger portion, and that a bond for the title had been taken to them jointly; that afterward when all the purchase price was paid she took the deed to herself, and they charge that " the deed so made was *made* in *fraud,* and the land ought to be subject to the pay-

ment of plaintiffs' claim." And this is the only charge assailing the deed. It does not state in what the fraud consists, nor for what purpose, nor for what purpose the deed was so made. This is totally insufficient as a charge of fraudulent conveyance, in fact it seems to state a deduction of law, rather than charge acts and motives.

A judgment by default was rendered ordering a sale of the land without regard to Mrs. Arnett's rights as a joint purchaser who had paid at least a portion of the purchase money, as shown by the amended petition, and this was certainly erroneous. .

After the land was ordered to be sold Mrs. Arnett offered an answer in which she sets out that she was the sole purchaser, and states how she paid the purchase price, and explains how the title bond came to be to herself and husband jointly, when it should have been to her, and that her husband was then in the military service of the government. She was in bad health, and had been badly advised, hence she did not offer the defense in proper time.

Had the judgment been properly rendered perhaps we should not have disturbed it because of the rejection of this answer, but as the judgment must be reversed for other errors it will be proper when the cause is returned that the court permit said answer to be filed as it presents an available and substantial defense. .

Wherefore, the judgment is reversed, and cause remanded, with directions for further proceedings compatible with this opinion.