CASE 23—EQUITY—MAY 8, 1883.

## Loesser v. Loesser.

APPEAL FROM DAVIESS CIRCUIT COURT.

81  139
101  722

1. After the settlement of a partnership, and mutual receipts have been executed by each partner, one of the partners cannot attack the settlement for fraud or mistake unless the specific acts of fraud be averred, or the particular mistakes relied upon be distinctly set forth.

2. A partner cannot require the chancellor to overhaul the entire partnership settlement upon a general averment that fraud and mistake occurred in obtaining it.

Loesser v. Loesser.

WILLIAMS & BROWN FOR APPELLANT.

1. The fraud averred is, that appellee had made sales and collected from purchasers the money of the firm; that he falsely represented the amount of sales and collections, and had caused false reports to go upon the books of the firm, showing that the partnership sustained a loss, when, upon a true showing of the actual sales and collections, the firm had made large profits, to one half of which appellant is entitled; that he did not know in what particular transaction, or with whom the transactions occurred, which were thus concealed.

2. These averments are sufficient. (1 Story's Eq., 523, 528, 534; Colyer on Partnership, secs. 225, 373, 179, 180, 181, 182; 57 Mo., 531.)

W. N. SWEENEY & SON FOR APPELLEE.

1. We maintain that a settled account cannot be opened except upon specific allegation of error as the result of mistake or fraud.

2. The court will not allow the accounts to be opened beyond the specific matter charged. (3 Johns. Ch., 587; Hopk., 239; 4 Cranch, 306; 1 Hoff. Ch., 294, 7 Johns. Ch., 69; Ed. Ch., 1; 3 Har. & J., 43; 3 Munf., 352; 1 Schoales & L., 192; 9 Ves., 266; 2 Barb., 592.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The principal cause of complaint in this case is, that the chancellor refused to permit the case to go to the commissioner for a settlement of the partnership accounts.

The appellant, Loesser, and the appellee, Loesser, were partners, engaged in buying and selling hides, wool, rags, jeans, and other merchandise, from February, 1875, until March, 1877. When the partnership was dissolved, the two partners had the partnership books before them, and made a settlement of their accounts as partners, showing a loss on the amount invested by the appellant of between one and two hundred dollars. The appellant, it seems, did the most of the buying, and the appellee the selling, the latter controlling most of the money.

The partnership was dissolved by mutual consent, and receipts were executed, evidencing the settlement between them. In the month of December, 1877, the appellant filed this petition in equity against the appellee, in which

it is alleged, in substance, that the appellee failed to make the proper entries in the books of the sales made by him of the firm property, and that, instead of a loss, they had made profits amounting to sixteen thousand dollars, to one half of which the appellant was entitled. That he relied on the books and the honesty of his partner when he made the settlement and executed his receipt, but he was deceived by the representations made by his partner, and induced to execute the receipt by reason of his fraud. That the entries of sales and the proceeds of sales were made exclusively on the representations of his partner. Said representations were false and fraudulent. That their business house was in Owensboro, and the sales were made in Louisville, Carrollton, Cincinnati, New York, Philadelphia, and other distant points, to parties with whom the transactions were had by the appellee, and the latter rendered false accounts of sales, &c., making thereby false entries in the books of the firm, and imposing on the appellant by his fraudulent conduct. That they kept limited and imperfect accounts at best, and the books, &c., of the firm have been mutilated, and the pages torn out by the appellee, so as to make them unintelligible. That he has found among some waste papers thrown aside by the appellee the memoranda of the settlement, showing their purchases to have been about $170,000, and the amount of sales something less. The appellant also gives the names of the parties to whom they sold the goods, or many of them. He further alleges that appellee sold to parties, whose name or sales are not reported, merchandise of the value of $28,000.

A long list of interrogatories is found annexed to the petition, to which special answers are called for.

There was a demurrer to the petition, after answer filed, that was never disposed of, and as the chancellor below has, in the opinion rendered, adjudged the petition bad on demurrer, and the proof to sustain it as deficient as the petition, it may be proper to pass on the sufficiency of the petition. There is nothing on the face of the petition conducing to show that the appellant knew anything more of the sales made by his partner after the settlement than before or at the time the settlement was made. That the firm made, instead of lost money, he distinctly alleges, and that his share of the profits amounted to eight thousand dollars; but by the fraud of the appellee in failing to make proper entries of sales, the books showed, at the time of the settlement, a loss to each partner. In what this fraud consists, or what sales the appellee failed to report or falsely reported when he made the entries, does not appear, and the appellant being in ignorance himself, is asking the chancellor, through his commissioner, to find out for him, and with a view of ascertaining whether he was or not defrauded, the appellee is called on to report each sale he made to the parties who were the patrons of the firm all over the country.

If, when he reports, the sales correspond with the settlement made, the appellee has acted in good faith; if not, he has defrauded the appellant. The accounts between the parties were stated and settled, and when the partner complaining undertakes to surcharge the settlement, or to attack it for fraud or mistake, he must designate in what particular the fraud or mistake consists, and we have no doubt that the fraud might be of such a character as would authorize the chancellor to reopen the entire settlement.

If the appellee has made sales that he has improperly or falsely reported as to the amount, to whom were the sales

Loesser v. Loesser.

made, or if a mistake, in what particular, or if errors, where are they to be found? To illustrate the principle involved here: the appellant, who is a witness, says the settlement was based on what the books showed, and that he is not able to tell whether the sum of $170,000 represents all the goods sold, or the sum of $168,000 all the goods bought, and cannot tell whether either column is wrong. The substance of his testimony is, that he does not know whether he has been defrauded or not, but wants the chancellor to find out if such is the fact; and if the appellee will now report all the sales made by him, it will aid the chancellor in arriving at a conclusion.

It may be well to advert to the general equity doctrine on this subject. Story says:

"Courts of equity will not open a settled account (when it has been signed or security taken at the foot of it), unless for fraud or for errors distinctly specified in the bill, and supported by evidence. The expression of errors excepted will not prevent its being a settled account, nor will the allegation of general errors be enough, for specific errors must be pointed out, or it will be final." (Section 800. See Adams on Equity, page 452.)

Bigelow on Fraud says:

"If the account impeached be a settled account, the court requires the errors to be specified in the bill, and to be proved as specified; otherwise, it would be easy to overturn the fairest accounts if of a complicated nature."

In the case of Lee's adm'r v. Reed, &c., it was held "that slighter evidence may prevail against the conclusion resulting from the settlement when one of the parties has little or no knowledge of the transactions settled. But even then the settlement will be considered *prima facie* fair, and

will be disturbed only so far as improper charges, omissions, &c., are specified in the pleadings as the result of mistake or fraud. There must be proper allegations in the pleadings, and pointing directly to particular items as improperly allowed or omitted under the influence of mistake or fraud." (5 Dana, 114.)

In surcharging settlements with fiduciaries, where infants and those under disability are interested, the same character of pleading has always been required, and there is less necessity for such a rule in the latter class of cases than where parties are dealing at arm's length, and in a condition to know their own interests.

In this case the appellant made nearly all the purchases. He knew what the goods cost, and must have had some idea of their marketable value. The books were open to him. He made the settlement with his eyes open, and is now in a court of chancery unable to designate any wrong practiced upon him, but asking the chancellor to reopen the settlement, with a view of ascertaining whether or not he has been defrauded.

It is impossible to make an accurate settlement of these accounts. The account with Howe & Co. was created by the exchange of wool for jeans, and the latter article sold, and no doubt accounted for in the settlement. The appellee was also in a firm at Paducah engaged in the same business, and sold much of the goods from the Paducah house to the same parties, and it is impossible, or not practicable at least, for them to state what was purchased of the Owensboro house. Others were engaged in a like business, and say that they realized no profits; but whether so or not, on the appellant's own showing, whether you take the allegations of his petition or his statements as a witness, he is

not entitled to a reference for the purpose of restating the accounts of the firm with a view of ascertaining whether he was imposed upon by the appellee.   This, at least, is a bill of discovery by one partner against another, where they have settled their partnership accounts in full and passed receipts, for the purpose of ascertaining whether the settlement was fair or fraudulent.   The discovery should have been made before the receipt was executed, and there is nothing excusing the appellant from his own want of diligence, either in the pleadings or the proof.

The principal question, as stated by counsel for appellant, is the practice in order to open a settlement of accounts between parties on the ground of fraud, and the substance of the charge in the petition is, that the entire settlement was obtained by the fraudulent representations of the appellee. Here is a stated account between partners, evidenced by the partnership books from which this settlement was made, to which both partners had access during the existence of the partnership, and in no single instance is it alleged, or attempted to be established, that the entries on these books. were fraudulent; but counsel, in his petition for a rehearing in this case, says: "The complaint made in the petition is, ' *that aside from, and independent of, the items passed upon* and approved by the parties in this account, the appellee had received of the money of the firm many thousand dollars— $16,897—the proceeds of the sale of their partnership property, the receipt of which he fraudulently concealed from appellant, and made no entries on the books of the firm, &c.' " Who he received this money from, to whom the goods were sold, or when the money was received, are facts not alleged or shown, and the chancellor is asked, through his commis-

sioner, to make another settlement between these parties for the purpose of ascertaining where the error exists or the manner in which the fraud was perpetrated.

In every case where a partner has obtained a fraudulent advantage of his co-partner, equity will give him relief; but where there has been a settlement of their accounts, in order to attack that settlement for fraud or mistake, the specific acts of fraud must be alleged, or the manner in which the mistake occurred set forth.   If the partner making the settlement and complaining has to rely on a general charge of fraud or mistake, it necessitates an investigation by the chancellor of the entire partnership accounts, to find out for the complaining partner whether or not he has suffered by the fraud or mistake of his co-partner in a settlement that both at the time regarded as final.

He has no right to require the chancellor to make a discovery of the fraud upon such a state of pleading, and the answer fails to cure the defect, although, in response to interrogatories, the appellee discloses the nature of the partnership transactions and the manner in which he obtained the moneys; nor will the facts developed require the chancellor to begin his search, through a commissioner, for the discovery sought by the appellant.

Petition overruled.