CASE 22—PETITION EQUITY—JUNE 11.

# Savings Bank of Louisville's Assee., &c., v. McAllister's Adm'r.

83  149
99  242

83  149
107  804

83 149
109 317

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. ASSIGNMENTS BY OPERATION OF LAW—LIMITATION.—In order to have a transfer of property by an insolvent debtor declared to operate as an assignment for the benefit of creditors, it is neces-sary not only to file the petition attacking the transfer within six months, but to sue out summons against the transferee and the debtor within that time.

2. PARTIES TO ACTION.—Although, where the transferee has made an assignment for the benefit of creditors, he is still a necessary party to the action attacking the transfer, it is not necessary that he should be made a party within the six months. If the petition is filed, and summons issued, against his assignee and the debtor within that time, a *lis pendens* is created, and the right to attack the transfer saved.

THOMAS AND JOHN SPEED FOR APPELLANT.

1. Under the "Act of 1856" there can be no action unless the debtor and the transferee are made defendants; and although the trans-

feree has made an assignment for the benefit of creditors he is still the owner of the property, and must be made a party within the six months. (General Statutes, chapter 44, article 2, section 3; Lyons v. Fields, 17 B. M., 549.)

2. Until summons was issued against the bank, the transferee in this case, there was no action against it. (Cecil v. Sowards, 10 Bush, 98; Ware v. Coleman, 6 J. J. M., 197; Stivers v. Prentice, 3 B. M., 462; Ruby v. Grace, 2 Duvall, 540; Long v. Montgomery, 6 Bush, 395.)

3. The six months prescribed by the statute is not limitation. The plaintiff has to rely upon a remedy purely statutory, and must follow the statute strictly. (Cogar v. Stewart, 78 Ky., 61; Given, Haynes & Co. v. Gordon, 3 Met., 539; Maddox v. Fox, 8 Bush, 402.)

4. The issue has been materially changed since the former appeal, and this appeal presents a new question. (Cov. & Lex. R. R. Co. v. Bowler's Heirs, 9 Bush, 502; Wilkinson v. Perrin, 7. Mon., 216.)

ROZEL WEISSINGER ON SAME SIDE.

W. O. & J. L. DODD FOR APPELLEE.

1. The matters now complained of as errors were all apparent on the face of the record before the court on the former appeal, and were adjudicated against the appellant. (McAllister's Adm'r v. Savings Bank, 80 Ky., 684; Wilkinson v. Perrin, 7 Mon., 216; Cov. & Lex. R. R. Co. v. Bowler, 9 Bush, 502; Shropshire v. Reno, 5 Dana, 584; Shockley v. Neiss, 3 J. J. Mar., 96; Massie v. Anderson, 2 Litt., 271.)

2. The assignee and the debtor, who were summoned within six months, were the necessary and substantial parties to the litigation, and the six months' limitation ceased to run when the petition was filed and summons issued against them. (General Statutes, chapter 44, article 2, section 2; Ibid., chapter 71, article 3, section 1; Civil Code, section 39; Hall v. Grogan, 78 Ky., 11; Butts v. Turner, 5 Bush, 435; Cogar v. Stewart, 78 Ky., 61; Terrill v. Jennings, 1 Met., 459; Wintersmith v. Pointer, 2 Met., 460; Given, Haynes & Co. v. Gordon, 3 Met., 539; Whitehead v. Woodruff, 11 Bush, 209.)

3. The courts are liberal in allowing amendments to the original cause of action for the purpose of avoiding the running of the statute of limitations. (Ill. Cen. R. R. Co. v. Phelps, 4 Ill. App., 238; Ill. Cen. R. R. Co. v. Cobb, 64 Ill., 128; King v. Avery, 37 Ala., 123; Dudley v. Price, 10 B. M., 88; Augusta Mfg. Co. v. Vertrees, 4 Lea (Tenn.), 75; Scoby v. Sweatt, 28 Tex., 713; Killebrew v. Stockdale, 51 Tex., 529; Wade v. Clark, 52 Iowa, 158; Guild v. Parker, 43 N. J. Law, 430; Maples v. Mackey, 22 Hun., 230;

Savings Bank of Louisville's Assee., &c., v. McAllister's Adm'r.

White v. Ward, 35 Barb., 637; Garland v. Chattle, 12 Johns., 429;
Wilkins v. Phillips, 3 Ohio, 49; Massie v. Matthews, 12 Ohio, 351;
Fergerson v. Gaze, 12 La. Ann., 667; Speake v. Barrett, *Ibid.*, 472;
Emory v. Keigan, 88 Ill., 483; Horton v. Banner, 6 Bush, 597.)

4. The transferee does not occupy the position of an innocent purchaser. (Drake v. Ellman, 80 Ky., 439.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Jonas H. Rhorer conveyed his property, on January 16, 1880, to the appellant, the Savings Bank of Louisville, and it subsequently conveyed its property, including that derived from Rhorer, to Stephen E. Jones in trust, for the payment of its debts. The appellee, being a judgment creditor of Rhorer, brought this action on July 10, 1880, under article 2, chapter 44, of the General Statutes, or what is commonly known as the Act of 1856, for the purpose of having the deed from Rhorer to the bank declared to operate as a general assignment for the benefit of all his creditors.

It was beyond question a preference within the statute, which provides that such a transfer "shall be subject to the control of courts of equity, upon the petition of any person interested, filed within six months after the mortgage or transfer is legally lodged for record; * * * * but it shall not be necessary to make any persons defendants except the debtor and the transferee."

The action was brought within the limited time; but while the debtor, Rhorer, and Jones, as the assignee of the bank, were made defendants in the original petition, the bank was not made a defendant until an amended petition was filed for this purpose, on March 28, 1881, and then more than the

statutory period named had expired. The question
presented, therefore, is, whether the failure to make·
the bank a defendant within the six months named
defeats the action, notwithstanding the fact that the·
debtor and the assignee in trust of his transferee
were not only parties to the action, but duly sum-
moned as such within the time named.

It is urged, in behalf of the appellee, that while·
under the general limitation law an *action* must be
commenced within a certain period, ·which, under·
the Code, is not done until · not only a petition is
filed but a summons issued upon it, that yet the·
statute in question only requires that a *petition* be·
filed within the six months in order to save the·
plaintiff's right; and that, even if this be not so,
yet that it is certainly immaterial when the sum-
mons is issued, or the warning order made against
the transferee, provided some necessary defendant is.
summoned within said period. With this view we·
do not concur. It is unreasonable to suppose that
the Legislature intended to permit a plaintiff to pre-
serve his right under the statute as against the·
transferee, and to affect the latter's rights, without
giving him proper notice within the limited time of·
the pendency of the action; and, as held by this·
court in the case of Cecil v. Sowards, &c., 10 Bush,
96, the act, being of a date subsequent to the adop-
tion of the Code, should be construed in connection·
with it; and it is, therefore, not only. necessary to·
file the petition, but to sue out a summons against
the transferee within the time fixed by the statute.

The bank had, however, by the assignment to Jones·

as trustee, placed him in its place as to its property, including that conveyed to it by Rhorer, and as to all remedies against it. He had the possession and held the legal title to it, the appellant having only a remote or uncertain equity in it; and, while owing to this equity, it was a proper and necessary party to the action, as was said by this court upon the former appeal of this case (80 Ky., 684), yet, as the assignee was vested with both the title and possession, and was legally the representative of Rhorer as to the property, both reason and a reasonable construction of the statute lead to the conclusion that the right to attack the conveyance by Rhorer was saved by the filing of the petition against and service of summons upon him and the assignee of the bank within six months from its execution.

The bank had not only parted with the title, but all right to represent and control the property as to actions relating to it; and the object of the statute in requiring that the transferee shall be made a defendant, is to enable the court to reach the property and divest him of the possession and title; and if they have vested in another, by an assignment in trust by the immediate transferee of the debtor, then the assignee and debtor are the necessary parties against whom the petition must be filed and summons issued within the statutory period, in order to create a *lis pendens* within the meaning of the statute, and save the right to attack the transfer of the debtor. The court must have the debtor within its power, in order to administer on his estate; and also the one holding the title and in possession of it, in

·order to divest him of them. This conclusion is strengthened by the fact, that although this right is a statutory one, yet the purpose of the statute is equitable; and it should, therefore, as was held in the case of Terrill, &c., v. Jennings, &c., 1 Met., ·450, be liberally construed in order to effect the legislative intention.

Judgment affirmed.