## Turner v. Farmers Bank of Wickliffe's Assignee.

(Decided June 4, 1912.)

### Appeal from Ballard Circuit Court.

Banks—Assignment for Benefit of Creditors—Notes Delivered to Depositor—Action to Compel Return of Notes—Promise of Cashier to Guarantee Deposits—Pleading.—In an action by an insolvent bank's assignee to recover certain notes a depositor had obtained from it, the answer alleging that his deposit was received as a special deposit, the cashier having assured the depositor that if the bank failed, he would return the deposits, or deliver securities to him of the value of the deposits, Held, That appellant was not guilty of actual fraud, but was only guilty of violating section 1910, Ky. Stats., in obtaining a preference over other creditors, but as the time for redress under this section had past, the court erred in sustaining a demurrer to the answer, for by that ruling the court in effect applied the principles of the statute, which the court was without authority to do after the lapse of six months from the delivery of the notes.

R. L. SMITH, HENRY F. TURNER for appellant.

J. B. WICKLIFFE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellee's petition, in substance, alleges that on January 8, 1908, the Farmers Bank of Wickliffe closed its doors for the transaction of business, but did not make a formal assignment of its property for the benefit of its creditors until February 8, 1908; that on January 16, 1908, appellant, Turner, obtained from the cashier of the bank, solvent notes belonging to the bank of the value of $409.25; that these notes were delivered to Turner without any authority on the part of the cashier and Turner was without authority to receive them; that the transaction was fraudulent, and asked that appellant be compelled to return the notes or account for their value, $409.25. This petition was filed under sections 1906 and 1907 of the Statutes, and the charge was actual fraud. Appellant filed a demurrer to the petition but it was overruled.

The answer of appellant alleged, in substance, that he had been a regular depositor of the bank from its organization to the time it closed its doors as stated in the petition; that shortly before the doors were closed he demanded of the cashier of the bank the amount of his deposit; that the cashier claimed that if the regular depositors quit doing business with the bank and withdrew their deposits, it would injure the bank's reputation and cripple it so that it might be forced into insolvency; that the cashier suggested to him that he receive his deposits as special ones and if in the future the bank should fail he would return to appellant his deposits or transfer to him securities good for the amount of his deposit; that at the time stated, he related these facts to appellee's assignee who was then a director and vice-president of the bank; that he directed Burton, the cashier, to carry out this agreement which Burton did by transferring to him the notes named in the petition in satisfaction of his deposits in the bank. Appellant denied that the bank had ceased to do business at the time he received the notes. He also filed an amended answer in which he substantially set forth the above allegations. A demurrer was filed and sustained to both the answer and amended answer.

The court rendered the following judgment:

"It is the judgment of the court that the plaintiff recover of the defendant, H. F. Turner, the sum of $409.25 with interest from January 16, 1908, subject to a credit of said date of $171.88, same being 42 per cent of the amount of the claim of defendant against said bank, that

the plaintiff recover its costs herein expended for which execution is awarded, to all of which the defendant objects and excepts and prays an appeal to the Court of Appeals which is granted.''

The only suggestion that appellant had a claim against the bank was presented in his pleading to which a demurrer was sustained; therefore we are at a loss to understand how the court gave him credit for $171.88, 42 per cent of the amount of his claim against the bank, unless appellee in open court admitted that he was a depositor with the bank for the amount named.

Appellant sought by his answer to convince the court that he was a special depositor in the true sense of that term, which, if true, would have authorized him to have received the deposits without violating either of the sections of the Statutes referred to or section 1910. The court properly determined that it was not a special deposit in that sense, but erred in sustaining the demurrer to his answer. The petition was founded upon actual fraud and was in no sense prepared with a view of recovering under section 1910 of the Statutes, which applies to constructively fraudulent preferences. There was a great deal more contained in the answer and amended answer than was necessary for a defense of the action. It appears that appellant was endeavoring to show his non-liability under section 1910, which is commonly known as ''the Act of 1856;'' as it has been in existence since that time. His pleadings consist of a denial of the allegations of the petition and also a denial by affirmative statements and show facts as to how he obtained the notes. If the statements contained in the answer are true, which the demurrer admits them to be, appellant certainly was not guilty of the fraud charged in the petition, but of constructive fraud only, occasioned by the bank preferring him to other creditors, but the petition nowhere makes such a charge against him. The bank's cashier had a right to make the agreement which appellant alleges was made and it was binding, but to carry it into effect, under the circumstances, was a violation of section 1910 of the Statute. The bank had no right to prefer appellant to its other creditors. Appellee, by its own showing in its pleadings, was barred, at the time of the filing of the petition, of the right to proceed against appellant to recover under section 1910 of the Statute. Section 1911 of the Statute, is as follows:

"All such transfers as are herein declared to inure to the benefit of creditors generally shall be subject to the control of courts of equity, upon the petition of any person interested, filed within six months after the mortgage or transfer is legally lodged for record, or the delivery of the property or effects transferred."

This proceeding was not commenced until a lapse of more than two years after the transfer of the notes from the bank to appellant. It will be noticed that it is prerequisite that the action authorized by section 1910 must be commenced within six months after the transfer of the property for which a preference is alleged. In the case of Wintersmith & Young v. Pointer & Conway, 2 Met., 457, the court, in discussing this subject said:

"A creditor who claims the benefit of this act, must file his petition alleging the facts on which he bases his claim, within the time prescribed by the act itself. His right to treat the sale or transfer as an equitable assignment for the benefit of creditors generally, depends upon the filing of a petition by himself or some other interested person, within the time mentioned. This fact being essential to the existence of the right, must be made to appear, either by a direct allegation on the subject in the petition, or by stating therein the time the transfer was recorded, or the sale made and property delivered, so that by reference to that statement, and the time the petition was filed, it shall appear to have been filed within the time limited.

"In this case, instead of its being made to appear that the petition was filed in proper time, it clearly appears that it was not so filed. And as the petition does not contain 'an allegation that any other creditor, or person having an interest, had filed a petition in due time, claiming the benefit conferred by the statute, the appellants failed to show a right to claim that the sale referred to by them inured to the general benefit of the vendor's creditors.'"

See also the case of Savings Bank, &c. v. McAllister's Admr., 83 Ky., 149. Many other cases to the same effect might be cited, but we deem it unnecessary.

If the allegations of the answer are true, and they must be so considered for the purpose of this appeal, as a demurrer was sustained thereto, appellant was not guilty of actual fraud as charged in the petition, but was only guilty of violating section 1910 of the Statute, in obtaining a preference over other creditors of the bank,

and, as the time for redress under that section has long since past, as shown by the petition, the court erred in rendering a judgment which in effect applied the principles of that section, as the court had no authority to do this after such a lapse of time. The question of general limitation laws does not apply. As stated, it was prerequisite on the part of appellee to show that the action was brought within six months from the date of the transfer of the property before he had any right to relief under section 1910 of the Statute.

For these reasons, the court erred in sustaining the demurrer to the answer and amended answer, and the case is reversed and remanded for further proceedings consistent with this opinion.