## Patterson v. Peaslee-Gaulbert Company, et al.

(Decided February 16, 1917.)

### Appeal from Nelson Circuit Court.

1. Pleading—Interpleader—Intervening Petition.—An intervening petition filed by creditors against the defendant, more than a year after the commencement of the original action, is a civil action, and is of the same effect as an original petition in a civil action.

2. Limitation of Actions—Interpleader—Sale of Goods in Bulk.—The limitation of 90 days for the bringing of an action against the purchaser of a stock of goods in bulk, as provided in section 2651a, Kentucky Statutes, is mandatory, and creditors cannot avoid this provision by filing an intervening petition long after the expiration of the 90 days.

J. F. COMBS for appellant.

JOHN A. FULTON, E. W. FULTON and O. W. STANLEY for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is the second appeal of this case. The opinion on the first appeal may be found in vol. 166 Ky., page 278.

The original action was styled Dwiggins Wire Fence Company v. J. W. Edwards and G. S. Patterson, and sought to recover upon five separate notes of $200.00 each, alleging that the maker of the notes, J. W. Edwards, was a merchant at Boston, in Nelson county,

Ky., and that the defendant, Patterson, was his secret partner in the business, or if not a partner, then Edwards had attempted to make a sale in bulk of the entire stock of merchandise to Patterson, without first giving the notice to creditors required by section 2651a, Kentucky Statutes. This statute declares that a sale of a stock of merchandise in bulk, or otherwise than in the ordinary and usual course of trade, is and shall be fraudulent and void, as against creditors of the seller, arising out of said stock of merchandise, unless the purchaser, five days before the consummation of the sale, make inquiry to ascertain the names and addresses of the creditors of the seller, and shall notify or use reasonable diligence as set forth in the statute, to notify each of said creditors of the proposed sale in bulk.

In April, 1914, defendant, Edwards, then conducting a general store at the town of Boston, Nelson county, sold and transferred his entire stock to the defendant, Patterson, without complying with the provisions of sec. 2651a, Ky. Stats., requiring the purchaser, at least five days before the consummation of the sale, to make inquiry of the seller to ascertain the names of his creditors and their postoffice addresses, and give notice of his intention to purchase the property, to said creditors. On May 20th, 1914, the original action of Dwiggins Wire Fence Company against Edwards and Patterson was filed in the Nelson Circuit Court, charging a sale in bulk of the stock of goods and asserting that Patterson, as purchaser of the goods, held the same for the use and benefit of all of the creditors of Edwards, and that Patterson was responsible to all creditors of Edwards, including the Dwiggins Wire Fence Company for the value of the entire stock of goods. The lower court upon a hearing, adjudged the Dwiggins Wire Fence Company entitled to recover the entire amount of the debt from Edwards, but held that Patterson, the purchaser in bulk of the stock of goods, was liable only for the value of the goods in stock at the time of the transfer, which were furnished by the wire company. From this judgment the wire company appealed, and Patterson prosecuted a cross-appeal. This court affirmed the case upon the cross-appeal and reversed it upon the original appeal, holding that the view taken by the trial court gave the statute too narrow a construction, and that a creditor, such as the Dwiggins Wire Fence Com-

pany, was entitled to a lien upon the entire stock of goods transferred, but a superior lien to other creditors only upon that part of the merchandise which was originally furnished by it to the merchant, Edwards, and transferred by him to Patterson.

Upon the filing of the mandate in the lower court, Peaslee-Gaulbert Company, and forty-two other creditors of the merchant, Edwards, filed in the office of the clerk of the circuit court, a petition to intervene and to be made parties to the original action, styled Dwiggins Wire Fence Company against Edwards and Patterson, and set up in separate paragraphs their several claims against the seller, Edwards, and the purchaser in bulk, Patterson, alleging that Patterson held the goods for the use and benefit of these interveners as well as the original plaintiff, Dwiggins Wire Fence Company.

After an amended petition had been filed by the interveners and other orders made which it is unnecessary here to recite, the defendant, Patterson, filed his answer and reply to the petition and answer of the interveners, Peaslee-Gaulbert Company and others, and denied responsibility upon either of the claims, and denied that he had knowledge or information sufficient to form a belief that these several petitioners, or any one of them, had furnished goods to Edwards or that Edwards was indebted to either of them in any sum. In a second paragraph the defendant, Patterson, plead limitation, against each of the intervening petitioners, in bar of their right of action, stating that the defendant, J. W. Edwards, who conducted the store at Boston, Kentucky, sold and transferred to the defendant, Patterson, on the ................ day of April, 1914, and more than 90 days before the commencement of the action by these intervening petitioners, the entire stock of goods upon which a lien was sought by these forty odd claimants and creditors of Edwards. A demurrer was interposed by Peaslee-Gaulbert Company and the other intervening petitioners, to the second paragraph—the plea of limitation—upon the ground that since the Dwiggins Wire Fence Company had instituted this action against Edwards and Patterson, charging a sale in bulk of the stock of goods and asserting a lien upon the entire stock for the use and benefit of the Dwiggins Wire Fence Company and all other creditors of Edwards, and this action was brought within 90 lays of the consummation

of the sale as required by sub-sec. 2, of sec. 2651a, Ky. Stats., the claim of Peaslee-Gaulbert Company and others being presented by intervening petition in the original suit, and not by independent action, was not barred by the statute of limitation providing 90 days in which to commence such an action.

Upon a hearing the lower court sustained the demurrer to the plea of limitation to which the defendant, Patterson, objected and excepted, and failing to plead further, judgment was entered for the full amount of each of the claims set forth in the intervening petition, and the entire stock of goods was adjudged subject to the payment of these claims, and a sale was directed by the court. From this judgment the defendant, Patterson, appeals. It will, therefore, be seen that the only question upon this appeal is, can a creditor by intervening in an action properly commenced, after the expiration of the time fixed by statute, avoid the statute of limitation? In other words, can he do by intervening petition what would be denied him in an independent action?

The statute which declares that a purchaser of a stock of goods in bulk, who fails to make the proper inquiry and give the required notice to creditors of the seller, shall hold the merchandise so purchased for the use and benefit of all of the creditors of the seller, also provides this limitation upon the commencement of actions to enforce this statute:

"All civil actions brought under this act shall be instituted within 90 days of the consummation of the sale."

May a creditor after the lapse of 90 days from the consummation of a sale of goods in bulk, under this statute, by intervening petition, or by voluntarily becoming a party to an action already instituted under this section of the statute, have a recovery against the purchaser? We think not. The statute giving the cause of action also fixes a time beyond which an action against the purchaser is barred. Section 2 of the Civil Code of Practice says:

"A civil action is a demand, by pleadings, in a court of justice for the enforcement of an alleged right of a plaintiff against a defendant."

The interveners, Peaslee-Gaulbert Company, &c., made a demand by pleading, to enforce an alleged right of a plaintiff against a defendant. It was, therefore, a

civil action, to maintain which the suit must be instituted within 90 days of the consummation of the sale, and not thereafter. The provision requiring all civil actions brought under this act to be instituted within 90 days of the consummation of the sale, is mandatory.

Peaslee-Gaulbert Company and the other intervening petitioners each had a good cause of action against defendant, Patterson, within ninety days after the consummation of the sale, and were entitled to enforce their lien against the stock of goods and each might have instituted a separate suit for the recovery. They might also have intervened by petition, in the original action, if filed before the expiration of the 90 days fixed by the statute, but not afterwards.

The Supreme Court of California in passing on a similar question in the case of Mars v. McKay, 14 Cal. Rep. 129, said:

"It must not be understood, however, that if the interveners had failed to connect themselves with the proceedings in this case until their lien had expired by lapse of time, the pendency of this suit could avail them as against the limitations provided by the statute. But having filed their intervention and become parties to the suit, within the prescribed period of six months, and during the existence of their lien, the effect on their position is precisely the same, as if they had commenced an original action."

This is also true in this jurisdiction. The statute providing the remedy and giving the cause of action, and declaring:

"He shall hold the merchandise so purchased for the use and benefit of all of the creditors of the seller," also fixed the time limit in which the action or proceeding can be commenced. It is conceded that the intervening petition was not filed for many months after the expiration of 90 days from the consummation of the sale. This being true, this court is of opinion that the statute of limitation is and was a bar to the proceedings against the purchaser, Patterson, after the expiration of the 90 days, and the lower court erred in sustaining the demurrer to the second paragraph of the defendant, Patterson's answer, setting up a plea of limitation. Statutes of limitation are statutes of repose, and have a beneficent purpose. Such statutes are uniformly recognized and held to contravene no principle of public policy

or constitutional safeguard. The statute under which Peaslee-Gaulbert Company and others are attempting to assert their lien provides the time limit in which they shall proceed, and set their action in motion. The statute gave the wholesale merchant a new remedy, a lien upon the entire stock of merchandise sold in bulk in violation of this statute, and in so doing it very properly fixed the time beyond which this extraordinary and sometimes onerous statute may not be invoked. Failure to comply with the statute is a bar to the right under its provisions. To hold that these claimants, Peaslee-Gaulbert Company and others, can avoid the limitation of time fixed in the statute giving the remedy against the purchaser in bulk, by filing, after the expiration of 90 days of the consummation of the sale, an intervening petition in an action which was brought within 90 days, by another creditor for his own benefit and to enforce his own claim, would be too narrow a construction and would do violence to the language of the act. The statute must be construed as a whole. The rule is, to give a statute of limitation a liberal construction. The act gives the remedy, provides how it may be enforced and fixes a time limit in which an action may be commenced. Ninety days is not an unreasonably short time in which to begin an action under circumstances which surround this and similar cases. A wholesale merchant, trading with a retail merchant, by the exercise of reasonable diligence may know of his sale in bulk to another within less than ninety days. The nature of the business requires great vigilance and a careful watch for such transactions. On the other hand it would be very damaging, if not altogether disastrous, to a retail merchant to be required to hold a stock of merchandise for more than 90 days for the use and benefit of the creditors of the seller. The goods constantly depreciate in value. If the statute can be avoided by the methods attempted here, then a creditor may stand back and wait for years before asserting his claim and then when the goods are sold, the evidences of payment extinguished and the facts rendered uncertain by the lapse of time, intervene and secure an undue advantage, not contemplated by the statute. The lower court should have overruled the demurrer to the second paragraph of the defendant's answer.

This case must be distinguished from the case of Heidrich, &c. v. Silva, 89 Ky. 422, and like cases, because the statute under which that proceeding was had differs very greatly from the one under consideration in this case. This old statute of 1856, now secs. 1910, 1911, and 1912, Ky. Stats., on which the case of Heidrich v. Silva, *supra,* is bottomed, provides that the act of insolvency "shall operate as an assignment and transfer of all of the property and effects of such debtor, and shall inure to the benefit of all his creditors," and that the action shall be conducted as one for the settlement of a decedent's estate, under said statute and Civil Code, sec. 432.

By section 432 of the code a creditor of a decedent by proving his claim before the master, becomes a party to the action. By sec. 1912, Ky. Stats., it is not necessary to make claimant a party in order to prevent the running of the statute of limitation. But sec. 2651a under which Peaslee-Gaulbert Company and others are attempting to proceed, contains no such provision as to filing claims or other procedure in actions, and we are, therefore, confined to the remedy therein provided. The limitation in sec. 1911, Ky. Stat., is intended to and does extend only to the commencement of the action to have the mortgage, deed or other transfer declared an assignment of the property of the grantor for the benefit of all of his creditors, and when an action is commenced under this statute, the subsequent proceedings are the same as in actions to settle the estate of a deceased person, and in such case a claim may be proven and filed any time before judgment. In other words the limitation of six months under sec. 1911, Ky. Stats., applies only to the original action, and not to the claims which may be filed as if against the estate of a deceased person. All this is made quite clear by the act. But by sec. 2651a quite the contrary is the plain purpose of the statute. Each creditor who desires to take advantage of the act must present his claim before the expiration of "ninety days of the consummation of the sale" in bulk.

The judgment is reversed for the reasons indicated, with directions to overrule the demurrer to the second paragraph of defendant's answer and for other proceedings consistent with this opinion.