Donahue, J.
The act of April 18, 1913 (103 O. L., 462; Sections 11102, 11103 and 11103-1, General Code), is a separate and independent act of the general assembly of Ohio relating to the transfer of a stock of merchandise and fixtures other than in the usual course of trade. It covers *61 the whole subject-matter mentioned in its title, and provides a remedy. It has no connection whatever with Section 11104, General- Code, further than that the sections of this act and Section 11104 are intended for the protection of creditors; but Section 11104, General Code, relates to entirely different .transactions, conditions, and circumstances, and likewise provides a remedy for any violation of its provisions.
Section 11102, General Code,- is a limitation upon the common-law and constitutional right of contract, and therefore must be strictly construed; A creditor claiming the protection of this section and seeking to avail himself of the remedy provided by Section 11103-1 must bring himself fairly within the provisions of both sections. •
Section 11103-1 expressly limits the time in which a creditor of the seller may challenge the validity of the sale, transfer, or assignment in bulk of any part or the whole of a stock of merchandise and the fixtures pertaining to the conduct of the business, otherwise than in the ordinary course-of trade and in the regular and usual prosecution of the business of the seller. This limitation of ninety days in which to commence proceedings is in no wise unreasonable, at least so far as the creditor is concerned, for the subsequent creditors of the purchaser are entitled to fair consideration.
The remedy is not only adequate, but severe. It deprives the purchaser of his title to the property purchased and constitutes him trustee for the creditors of the seller. It is therefore only reasonable that the creditors should be required to act *62 promptly, so that the public generally may safely enter into trade relations with the purchaser within a reasonable time after the purchase.
The case of Muller v. Hubschman, 84 N. J. Eq., 30, presented a very similar question. That case involved the construction of a statute limiting the right of action to ninety days from the date of the transaction complained of, and in reference to this the court said, at page 32: “When the legislature saw fit to give this new and drastic remedy — a remedy which confounds the innocent and the guilty because of the difficulty of discriminating between them — it did not think it wise to allow it to be applied, except for that limited period.”
Lytle & Wentz commenced this action within ninety days from the date of such purchase. Section 11103-1 provides in express terms that where any of the creditors make such application within ninety days, the purchaser will become a trustee and be held accountable to such creditors.
The term “such creditors” undoubtedly refers to the creditors who make application within ninety days.
It is insisted, however, where one of the creditors of the seller begins a proper proceeding within the time limited by the statute, that other creditors may intervene by cross-petition after their cause of action has been barred by this statute of limitation.
This identical question was involved in the case of Patterson v. Peaslee-Gaulbert Co. et al., 174 Ky., 47. The statute of that state relating to the sale of a stock of merchandise in bulk, or otherwise than in the ordinary and usual course of trade, contains *63 a similar provision as to the time in which proceedings may be commenced by creditors of the seller. In that case the validity of a sale made in April, 1914, was challenged by a petition filed by a creditor on May 20, 1914. After the expiration of the ninety days, forty-two other creditors of the seller intervened by cross-petition. The court held that the limitation of ninety days for the bringing of an action against the purchaser of a stock of goods in bulk as provided in Section 2651-a, Kentucky Statutes, is mandatory, and creditors cannot avoid this provision by filing an intervening petition after the expiration of the ninety days.
The same conclusion was reached by the supreme court of California in the case of Mars v. McCabe, 14 Cal., 127. That was a suit to enforce a mechanic’s lien. The supreme court of California very properly held that a suit to enforce a particular lien under the mechanics’ lien law is a proceeding to enforce all the liens against the property, and that other lienholders have the right to intervene at any time before their causes of action are barred by the statute of limitation. But the court expressly declared that if the interveners had failed to connect themselves with the proceedings until after their liens had expired by lapse of time, the pendency of the original suit could avail them nothing as against the limitation provided by the statute.
The time in which proceedings may be commenced by creditors of the seller under the provisions of the bulk sales law of this state is expressly limited to ninety days. This is a special statute of limitation, yet it is subject to the same *64 construction that applies to a general statute of like character.
It is undoubtedly the settled law of Ohio that a cross-petition setting up a cause of action barred by the statute of limitation is just as vulnerable to a demurrer, or to the defense of the bar of the statute, as if it were a petition filed in an original action.
The fact that the plaintiff in this case brought an action within ninety days from the date of the purchase, in which action other creditors of the seller had a right to intervene, cannot prevent the statute of limitation running as to those who failed to intervene by cross-petition within the time limited. In other words, a cross-petition must aver facts sufficient to entitle the cross-petitioner to relief in an independent suit.
If a cause of action is barred by the statute of limitation, necessarily the courts are as powerless to grant relief upon cross-petition as they would be upon an original petition asking a recovery upon the same cause of action.
Section 11104 contains no provision limiting the time in which action shall be commenced under favor of that section, but it does provide that when such action is commenced it will inure to the benefit of all the creditors of the seller.
If the general assembly had intended that an action brought under the provisions of Section 11103-1, by one or more of the creditors of the seller, would inure to the benefit of all his creditors, it would undoubtedly have said so, instead of providing in express terms that the purchaser should *65 become the trustee for such creditors as challenge the validity of the sale within ninety days from the date thereof. This is made more obvious by the fact that before the passage of the act of April 18, 1913 (103 O. L., 462), Section 11106, General Code, provided a remedy for any failure to comply with the provisions of Sections 11102 and 11103; and an action brought under the provisions of Section 11106, by the express terms of that section, would inure to the benefit of all creditors. This section contained no limitation of time within which the action could be brought. But when Section 11102 and Section 11103 were amended (103 O. L., 462), Section 11103 was supplemented by Section 11103-1, which .expressly provides a remedy for failure to comply with the provisions of Section 11102, and limits the time of the commencement of the action to ninety days. Section 11106, General Code, now has no application to these sections.
In view of the broader provisions of Sections 11104 and 11106, General Code, it must have been the intent of the lawmaking power when it passed the act of 1913 to limit relief under that act. to creditors that commenced an action, or intervened in an action commenced by other creditors, within the time named in Section 11103-1. Otherwise, the broader provisions of Section 11106, General Code, would obtain, and the enactment of Section 11103-1 would be purposeléss.

Judgment affirmed.

Jones, Johnson and Robinson, JJ., concur.