# New Madrid Realty & Investment Company et al. v. Kirby et al.

(Decided November 2, 1928.)

(As Modified, on Denial of Rehearing, December 21, 1928 )

## Appeal from Fulton Circuit Court.

1. Fraudulent Conveyances.—In suit to subject property to debts in which sister of debtor intervened claiming prior mortgage securing loan to brother, circumstances that note claimed to have been given sister was not filed by sister to assess for taxation, did not overcome positive evidence that loan was actually made, and did not show fraud and want of consideration for sister's mortgage.

2. Acknowledgment.—Where certificate of notary to mortgage showed imprint of seal containing words "Notary Public" after name and similar words showing attempted erasure, title of officer taking acknowledgment appeared on mortgage, which was thus a recordable instrument.

3. Pleading.—In suit to subject property to debts, on ground that mortgage thereof was in fraud of creditors, note and mortgage imported consideration, and reply by plaintiffs, denying there was any consideration therefor, merely put matter in issue, and could

not be regarded as affirmative plea of no consderation, requiring denial by defendants.

4. Fraudulent Conveyances.—General averments of fraud are not sufficient, but particular facts or circumstances constituting fraud must be clearly, concisely, and specifically set out.

5. Fraudulent Conveyances.—Reply by plaintiffs, seeking to subject property to debts, alleging that mortgage of intervener was without consideration and for purpose of aiding owner to fraudulently cover up property and defeat creditors in collecting their just demands, held general in character and insufficient to charge fraud.

6. Pleading.—In action to subject property to payment of debts, in which intervener claimed prior mortgage securing note, no part of which had been paid, reply merely alleging payment in conditional form raised issue as to consideration and payment, and did not entitle plaintiff to judgment on pleadings where intervener failed to deny allegations of payment.

HESTER & STAHR for appellants.

J. W. RONEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

The New Madrid Realty & Investment Company, the Commercial Trust Company, and A. B. Hunter, for the use of the New Madrid Realty & Investment Company, brought this suit on a return of "No property found," against W. R. Carrigan and wife to subject the property of W. R. Carrigan to their debts. Mrs. Kate Kirby, who had a prior mortgage on the land involved to secure a note of $4,000, intervened in the action and asserted her lien. Plaintiffs attacked the mortgage for fraud and want of consideration. On final hearing the mortgage was adjudged valid, and Mrs. Kirby was awarded a prior lien. From that judgment, this appeal is prosecuted.

Only two witnesses testified. Mrs. Kirby deposed that she loaned her brother, W. R. Carrigan, $4,000, and took his note therefor. The note was secured by a mortgage, which was placed of record. There was no fraud whatever in the transaction. She did not give the note in for assessment because she had lost the note and did not think it necessary. On the other hand, the assessor of Lake county, Tenn., the place of Mrs. Kirby's residence, testified that the note was not given in for assessment. We hardly think the mere circumstance that Carrigan was the brother of Mrs. Kirby, and that she failed

to assess the note for taxation, is sufficient to overcome her positive evidence that the loan was actually made, especially in view of the fact that the making of the loan was not attended by any secrecy, but the mortgage by which it was secured was placed of record the day after its execution. It follows that the chancellor did not err in holding that the charge of fraud and no consideration was not properly sustained.

Another contention is that appellants were innocent mortgagees for value without notice of Mrs. Kirby's prior mortgage. The basis of this contention is that her mortgage was not a recordable instrument because the title of the notary taking the acknowledgment of Carrigan and wife was not stated in his certificate or placed after his name. At our direction the original mortgage, which was introduced in evidence below, has been transmitted to the court by the clerk of the Fulton Circuit Court. The acknowledgment was taken in the county of New Madrid, state of Missouri, before Jesse M. Miles. After certifying to the acknowledgment, the certificate concludes as follows:

"In Testimony Whereof, I have hereunto set my hand and affixed my official seal at my office in New Madrid the day and year first above written.
"My term expires Feb. 17th, 1929.
"Signed: Jesse M. Miles."

The imprint of the seal is plainly discernible, and contains the following:

"Jesse M. Miles, Notary Public, New Madrid County, Missouri."

Following the signature of Miles are the words "Notary Public," which bear evidence of an attempt at erasure, but are still plainly discernible. In the circumstances there can be no doubt that the title of the officer taking the acknowledgment plainly appears on the mortgage. That being true, there is no merit in the contention that the mortgage was not a recordable instrument.

Although both parties treated the matters of no consideration, fraud, and payment as being in issue, and took proof thereon, appellant insists that it was entitled to judgment because the allegations of its reply concern-

ing these matters were not denied. The allegations are as follows:

> "Plaintiffs further state that said Katie Kirby is a relative, a sister, of said W. R. Carrigan and Ruth Carrigan, and they deny that there was any consideration for said note or mortgage mentioned, if any note was executed, which is denied, and charge that said writings were for the purpose of aiding the said Carrigans to fraudulently cover up said property sought to be subjected in this case, and to defeat the creditors of said W. R. Carrigan and Ruth Carrigan, and especially the plaintiffs, in collecting their just demands, and they charge that, if there was any consideration for the execution of note, if one given, or mortgage, which they deny, that same has been settled, and that no demand further exist, and that said property is subject to plaintiffs' demand in this suit."

The note and mortgage imported a consideration, and the denial that there was any consideration for the note or mortgage merely put the matter in issue, and cannot be regarded as an affirmative plea of no consideration, calling for a denial by appellee.

Taking up the averments of fraud, we find that they are general in character, and no rule of law is better settled than that general averments of fraud, are not sufficient, but the particular facts and circumstances constituting the fraud must be clearly, concisely, and specifically set out. Jasper v. Hamilton, 3 Dana 280; Loesser v. Loesser, 81 Ky. 139; Crider v. Sutherland, 186 Ky. 7, 216 S. W. 57. Coming to the plea of payment, we find that appellees' answer and intervening petition alleges that no part of the note had been paid. The reply merely alleges payment in a conditional form. It has long been the rule in this state that, in an action on a promissory note, where the petition contains the allegation that the note is unpaid, no reply is necessary to an affirmative plea of payment in the answer. Logan County v. Barclay, 104 Ky. 97, 46 S. W. 675. As the allegations of fraud were not sufficient, and the reply merely raised an issue as to the consideration and payment, appellees' failure to deny the allegations of the reply did not entitle appellant to a judgment on the pleadings.

Judgment affirmed.