## Grand Lodge of Kentucky et al. v. First National Bank of Kentucky et al.

(Decided June 13, 1933.)

(As Modified on Denial of Rehearing Nov. 28, 1933.)

190

R. F. PEAK and HITE H. HUFFAKER for appellants.

W. W. CRAWFORD, H. H. NETTELROTH, FARNSLEY & FARNSLEY and J. W. HOTTELL for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The Grand Lodge of Kentucky, William Allen, Vernice R. Young, and the executors of W. O. Head filed an answer, counterclaim, and an intervening and cross-petition in the action of Lee Cralle v. Louisville Title Company et al., pending in the Jefferson circuit court. In it they charge that the Fidelity & Columbia Trust Company was a receiver of the Louisville Title Company and acting as such; that the Louisville Title Company had theretofore been designated as trustee in certain mortgage deeds of trust, and that it had also organized as a subsidiary corporation, the Title Guarantee Trust Company, with

a capital stock of $300,000; and that, after its organization, the books of the two corporations were so kept that the interveners were unable to ascertain the real facts, because the two corporations were one. The interveners listed a number of mortgage bonds secured by certain mortgages to which they asserted title. They charge that the Louisville Title Company, Citizens' National Bank, First National Bank, Liberty Bank & Trust Company, and the Lincoln Bank & Trust Company entered into a written agreement which is set out hæc verba in the pleading, by which a pool was formed and certain notes were pooled and placed as security to indebtedness of these banks; that, at the time it was entered into, the Louisville Title Company was insolvent, and the pledge of notes as set out in the written contract was and is a fraud on the bondholders, whose bonds had been guaranteed by the Louisville Title Company, and a fraud upon its creditors generally; that a pledge of the notes under the written contract was made and guaranteed by the Louisville Title Company, and that at the time the agreement was made the Louisville Title Company was insolvent and unable to carry out its agreement on the bonds which it had sold to the public. They aver that the Fidelity & Columbia Trust Company was receiving $100 per month for its services as trustee under the pool agreement, and that the pool agreement was for the use and benefit of the Louisville Title Company, individually, and not as trustee for the bondholders; that many of the properties on which the Louisville Title Company had loaned money and sold mortgage bonds which were guaranteed by it were not worth the ·value of the bonds outstanding against the property. It is charged that the Fidelity & Columbia Trust Company was trustee under the pool agreement, and that it was thereafter appointed and qualified as receiver of the Louisville Title Company, and had been continuously acting in such inconsistent dual capacity. The transactions between the Fidelity & Columbia Trust Company and the banks are set out. in detail. Certain transactions between the Ventura Hotel, Ashland, Ky., the Louisville Title Company, and the Chemical Bank & Trust Company of New York are also set forth. An amended pleading was filed, reaffirming the allegations of the original, and further alleging that the Louisville Title Company was insolvent

at the time it became the beneficiary under the pool agreement, and that it entered into the agreement in contemplation of insolvency and without consideration; that the agreement was ultra vires, null and void, designed to prefer one or more creditors to the exclusion of the intervening petitioners. It charges that the notes and bonds transferred by the Louisville Title Company to the Fidelity & Columbia Trust Company were held by the Louisville Title Company as trustee for the benefit of the outstanding real estate bonds in the hands of the public which had been guaranteed by it; that the Fidelity & Columbia Trust Company accepted the bonds with full knowledge of all the equities connected therewith, and with notice that they were subject to the claims of the outstanding bondholders. It is charged that the transaction between the Louisville Title Company and the Ventura Hotel Company (Tri-State Hotel Company), by virtue of which the Chemical Bank & Trust Company accepted the new issue of bonds amounting to $150,000 in lieu of the $150,000 of the original $450,000 bonds on the same property, was without consideration, and that the surrender of the latter and the issuance of the former was without consideration, ultra vires, null and void, and that the cancellation of the original bonds on the hotel property "was in violation of the Statutes of Kentucky." They further allege that the reorganization agreement made no provision to protect the rights or secure the interests of certain $5,000,000 of nondeposited bonds, and that same were turned over to the new trustee of the bondholders, and it assumed control of the property, free, to make such charges as it "sees fit" without regard to the interest and rights of the nondepositing bondholders or the supervision of the court. It charges that the depositing bondholders financed the new trustee and made the reorganization possible, and that they are the principal stockholders in the new corporatoin and dominate it; that the Fidelity & Columbia Trust Company as receiver is antagonistic and adverse to the nondepositing bondholders, and they are without representation or counsel. It also charges that the Fidelity & Columbia Trust Company and the Louisville Title Company had brought various suits to test various questions, concerning the rights of the holders of the bonds, and had made defendants to the suits bondholders who had already

deposited their bonds under the reorganization agreement or such similar interests; that they were not making substantial efforts in establishing their rights. Numerous parties were made defendants to the original and amended pleading, who filed their several demurrers thereto, which were sustained by the court. The interveners declined to plead further, and the pleading as amended was dismissed. The foregoing is a fair summation of the pleading, and fairly states its averments. It should be first noted that the Fidelity & Columbia Trust Company is not a party to this appeal. Therefore the allegations pertaining to it will not be considered or discussed. The answer and cross-petition must be read in the light of all the facts stated therein to determine its sufficiency on a demurrer. The allegations must be taken as true on the demurrer. However, the pleading must be construed most strongly against the pleader, and inferences cannot be indulged in, in the pleader's favor. Vandiver v. B. B. Wilson & Co., 244 Ky. 602, 51 S. W. (2d) 899.

In an action for relief under section 1906, Ky. Statutes, it is a prerequisite to a statement of a cause of action thereunder that the plaintiff set forth facts in his pleading, not conclusions, showing actual fraud on the part of the debtor, or the acts engaged in by him, were with the intent to cheat, delay, or hinder or defraud his creditors, and that the purchaser, or pledgee, had notice of such fraud or fraudulent intent, or acquired the property of the debtor under circumstances tantamount to actual fraud, with knowledge thereof. Elmore v. Overstreet, 219 Ky. 813, 294 S. W. 475. In an action under section 1907, it is required to state a cause of action to allege definitely that the conveyance or transaction was voluntary or without consideration. Elmore v. Overstreet, supra. None but creditors may avail themselves of section 1907. Jones v. Hill, 9 Bush, 692. It is essential to state a cause of action under section 1910 to allege that the debtor, at the time he made the conveyance, or engaged in the transaction assailed in the pleading as the basis of the action, was insolvent, not at the time of filing the pleading, and that it was made or engaged in by him in contemplation of insolvency with the design or intent to prefer one or more of his creditors as against the rest. Joyeux v. Anderson-Dulin-Varnell Co., 213 Ky. 658, 281 S. W. 796. A

194

cause of action under either sections 1906 or 1907, or both, though adequately alleged and proven, will not authorize and support a recovery under section 1910. Summers v. Taylor, 80 Ky. 429; Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050; Farmers' Bank & Trust Co. v. Peters, 226 Ky. 406, 11 S. W. (2d) 103.

With these views, when the allegations of the answer, intervening and cross-petition as amended, are considered, it can scarcely be claimed that it is alleged that the banks did not advance the money at the time they accepted the collateral security described in the pleading. It in fact fails to charge that either of them was a party to an actual fraud, or that they or either of them accepted the collateral without consideration, or that they had any knowledge of the fraudulent intent of the Louisville Title Company and the Fidelity & Columbia Trust Company.

The pleading attempts to allege that the Louisville Title Company pledged bonds and property which the Louisville Title Company held as trustee, and to which the bondholders were entitled, but the source of their interest or right thereto to secure the bonds owned by the interveners is not alleged. They assert, but do not plead, the facts upon which their right is based. Equally as indefinite are the allegations of the facts constituting fraud upon which they base their action against the banks. Without stating in what the fraud consisted, the purpose for which the pledge of the bonds were made, or the surrender of the hotel company of the title to the property covered by the bonds against which it issued them and the acceptance of them by the banks, in lieu of the original bonds of the hotel company, as collateral to secure their original debts against the Louisville Title Company, the allegations of the pleading are insufficient as to the banks. Alexander & Lancashire v. Quigley's Ex'rs, 1 Ky. Op. 230; Arnett v. Baird & Craycroft, 1 Ky. Op. 335. The averments of the pleading are insufficient to raise an issue as to the banks. New Madrid Realty & Investment Co. v. Kirby, 226 Ky. 557, 11 S. W. (2d) 429; Crooke v. Hume's Ex'x, 139 Ky. 834, 109 S. W. 364, 33 Ky. Law Rep. 162. The transactions may have been actually fraudulent, voluntary, or without consideration as far as the Louisville Title Company and the Fidelity & Columbia Trust Company were concerned, but such facts did not affect the

banks; they having parted with the consideration of the loans to the Louisville Title Company and accepted the collateral to secure the same, in good faith. Worden v. Kennedy, 246 Ky. 716, 56 S. W. (2d) 329. The insufficiency of the allegations of the pleading as amended in the present case is strikingly similar to that considered in Worden v. Kennedy.

Neither of the banks is charged with participating in or having knowledge of any fraudulent intent on the part of the Louisville Title Company or the Fidelity & Columbia Trust Company. Shive v. Merritt, 104 S. W. 368, 31 Ky. Law Rep. 978. The misdeeds or fraudulent purposes of either of these companies are not chargeable against either of the banks. No facts are set forth calculated to put either of the banks on notice of the fraudulent intent of, or the want of consideration between, the Louisville Title Company and the Fidelity & Columbia Trust Company. Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S. W. 535; Worden v. Kennedy, supra.

The pool agreement which is assailed was entered into the 27th day of January, 1931. The deal between the hotel company and the Louisville Title Company was on the 19th day of May, 1931. The date of the cancellation of the $450,000 bonds of the hotel company, except the $150,000 held by the Chemical Bank & Trust Company of New York, and of the new issue thereof, is not set forth in the pleading. The failure to give the date of this transaction raises a presumption against the pleader. It is charged that, at the time the Louisville Trust Company entered into the transactions, it was insolvent, and that they were severally entered into by it and the Fidelity & Columbia Trust Company in contemplation of insolvency of the Louisville Title Company, with intent to prefer the banks as its creditors. The time allowed a creditor to have declared to operate as a general assignment, a deed, mortgage, or transfer, under section 1911, Ky. Statutes, is six months from the date thereof. The limitation of six months under it applies only to the original action and not to claims which may be filed later in such action. Patterson v. Peaslee-Gaulbert Co., 174 Ky. 47, 191 S. W. 670, L. R. A. 1917D, 882; Savings Bank v. McAllister, 83 Ky. 149; Citizen's Life Ins. Co. v. Owensboro Sav. Bank & Trust Co.'s Receiver, 146

Ky. 118, 142 S. W. 376. There is a distinction between an action founded on actual or constructive fraud, under sections 1906 and 1907, Ky. Statutes, and an action to set aside a preferential conveyance under section 1910. The same distinction exists as to the application of the statute of limitation in an action founded on actual or constructive fraud, and one to set aside a preferential conveyance. As was stated by this court in Wintersmith v. Pointer, 2 Metc. 457:

> "A creditor who claims the benefit of this act [section 1910, chap. 54, Ky. Statutes], must file his petition alleging the facts on which he bases his claim, within the time prescribed by the act itself. [Section 1911.] His right to treat the sale or transfer as an equitable assignment for the benefit of creditors generally, depends upon the filing of a petition by himself or some other interested person, within the time mentioned. This fact being essential to the existence of the right, must be made to appear, either by a direct allegation on the subject in the petition, or by stating therein the time the transfer was recorded, or the sale made and property delivered, so that by reference to that statement, and the time the petition was filed, it shall appear to have been filed within the time limited."

This pronouncement was approved by this court in Turner v. Farmer's Bank of Wickliffe's Assignee, 148 Ky. 692, 147 S. W. 435. Many other cases to the same effect might be cited. The pleading as amended shows that the action, in so far as it seeks relief under section 1910, was not brought within six months of the date of the transfers of the property, which was a prerequisite to any relief thereunder.

The mere pendency of the action in which the intervening petitioners filed their petition did not suspend the statutes of limitation of six months, applicable to an action to set aside a preferential transaction or conveyance.

The judgment of the circuit court is in harmony with our views; therefore it is affirmed.

Whole court sitting, except Dietzman, Judge.