CHIEF JUSTICE SIMPSON
delivered the otinion op the court:
As the appellant was the mortgagee of the property in contest, and his legal title had become absolute during the pendency of the action, by the failure of the mortgagor to comply with the conditions of the deed, he had a right to recover the possession of the property, provided he could rely upon facts occurring after the commencement of the action, to show a right of recovery.
When the action was commenced, a forfeiture of the mortgage had not taken place. The action was brought to recover the possession of a part of the mortgaged property. It was prosecuted by ordinary proceedings, and was brought not to foreclose the mortgage, but merely to obtain possession of the property. The mortgage was forfeited during the pendency of the action, and that fact was set up and relied upon in an amended petition. Had the plaintiff a right to avail himself of that fact, to enable him to succeed in the action ? We think he had such a right under the provisions of the Code of Practice.
It is provided by section 162, that “the plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint, answer, or reply, alleging facts material to the case, occurring after the filing of the former petition, answer, or reply.
This provision of the Code applies to all actions, as well' those prosecuted by ordinary proceedings as those that are prosecuted by equitable proceedings. No distinction is made between them. Facts which occur after the filing of the original petition, and which are essential to the plaintiff’s cause of action, may be alleged by leave of court, by way of supplemental complaint, and be relied upon by the plaintiff to entitle him to a recovery in the action. Although the cause of action be not complete when the original petition is filed, yet if, by facts subsequently occurring, it be rendered complete, the plaintiff is not to be turned out of court, but may amend his pleadings and allege such facts, in order that he may be enabled to maintain his action.
*668 In this case the plaintiff amended his petition by leave of court, and alleged a forfeiture of the mortgage during the pen-dency of the action. As he was invested with the absolute legal title, and was prosecuting a suit at law, he had a right to recover the possession of the property sued for, unless the defense relied upon by the defendant was sufficient to defeat his right of recovery.
The defendant alleged that the mortgage was executed for the express purpose of defrauding his creditors, and that the debts mentioned therein were not real, but were fabricated by the parties, at the same time the mortgage was executed. He denied that he owed the plaintiff any part thereof, and alleged that the notes were given without any consideration whatever. This would be a good defense in an action on the notes to enforce their payment, but is not a good defense to an action to recover'the possession of the property.
The mortgage is an executed conveyance. It transferred to the mortgagor the legal title to the property. Upon a breach of the condition, the title became absolute at law. There is no ground for any distinction between it and any other executed conveyance, so far as the question involved in this case is concerned. The only right which the mortgagee has is an equity of redemption, tie cannot prevent the legal operation of the deed by showing that it was fraudulently executed by him. This is neither a valid legal nor equitable defense.
In the case of Bibb vs. Bibb, (17 B. Monroe, 307,) it was decided that in the case of an executed conveyance, the grantee could recover the property conveyed from the grantor, although the latter showed that the conveyance was in fraud of his creditors. There is nothing to distinguish this case from that one; the same principle applies to both. The plaintiff in this case founds his right of recovery upon an executed conveyance of the property sued for, vesting the title in him. It was upon this ground it was decided in that case that the plaintiff was entitled to recover. He had the title to the property, and the grantor was not allowed to invalidate his own deed by showing that it had been fraudulently executed by him. Such conveyances, although void as to creditors and *669 purchasers, are obligatory on the parties. A court of equity will not lend its aid to relieve the mortgagor from the consequences of his own fraudulent act, nor will it aid the mortgagee in securing him in the enjoyment of the property, where its interposition is necessary for that purpose. The mortgagee is left to his legal remedies, which will enable him, when invested with the legal title, to recover the possession of the mortgaged property. So far as the contract is executory, he is without any remedy, either legal or equitable.
The instructions which the court below gave to the jury were inconsistent with the principles of this opinion, and were therefore misleading and erroneous.
Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with this opinion.