Jones' Adm'r v. Jenkins, &c.

| 83 | 391 |
| 85 | 405 |

| 83 | 391 |
| 89 | 238 |

| 83 | 391 |
| 113 | 178 |

CASE 57—PETITION EQUITY—NOVEMBER 19.

## Jones' Adm'r v. Jenkins, &c.

APPEAL FROM CALDWELL CIRCUIT COURT.

FRAUDULENT MORTGAGE.—As the mortgagee now acquires only a lien by his mortgage, a court of equity will not enforce a mortgage executed for the sole purpose of defrauding the mortgageor's creditors, either as against the mortgageor or as against purchasers for value; nor will the court give the mortgagee a personal judgment on the mortgage note, the note being without consideration.

In this case the mortgaged property has passed into the hands of purchasers for value, and the court holds that it is immaterial whether the purchasers had either actual or constructive notice of the mortgage, as, in no event, can the mortgage be enforced, it being fraudulent.

G. W. DUVALL FOR APPELLANT.

1. The plea of the defendant that the note and mortgage were executed without a "*valid*" consideration was not sufficient. (Willett v. Forman, 3 J. J. Mar., 293; Helm's Ex'r v. Jones' Adm'r, 9 Dana, 27; Morton v. Waring's Heirs, 18 B. Mon., 82.)

2. The plaintiff was entitled to judgment on the pleadings, as every allegation of a pleading is to be taken as true, unless specifically traversed. (Civil Code, sections 95 and 126; Trustees Ky. F. O. S. v. Fleming, Ex'r, &c., 10 Bush, 238; Preston v. Roberts, &c., 12 Bush, 581.)

3. The rule that a man shall not take advantage of his own wrong applies in this case. (Bibb v. Bibb, &c., 17 B. M., 307; Brookover v. Hurst, 1 Met., 668; Martin v. Martin, &c., 5 Bush, 54.)

4. A party is estopped to deny any fact which, by his own deed, he has admitted. (Rau & Rieke v. Boyle & Boyle, 5 Bush, 262;

Fitzhugh's Heirs v. Tyler, 9 B. Mon., 561; Breckinridge, &c., v. Ormsby, 1 J. J. Mar., 255; Lyne v. Bank of Ky., 5 J. J. Mar.,. 569.)

JAMES R. HEWLETT FOR APPELLEES.

1. A court of equity will not enforce a mortgage given without consideration, and for the purpose of defrauding the mortgageor's creditors. (Enders v. Williams, 1 Met., 348; 34 Am. Dec., 765, 767.)

2. As the note sued on was without consideration, the court properly refused to give judgment for the amount thereof. (Brookover v. Hurst, 1 Met., 668.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted by the administrator of Wm. E. Jones against the appellee, J. J. Jenkins, in which a judgment is sought on a note executed by Jenkins to the intestate for $1,138 on the 28th of August, 1869, and payable two days after date, and a mortgage having been executed to secure its payment on the real and personal estate of the obligor, the Chancellor is also asked to sell this mortgaged property in satisfaction of the debt.

The appellee Jenkins admitted the execution of the note, but pleaded a want of consideration; and further, that the note was executed and the mortgage given to prevent his creditors from making their debts.

The appellant took issue upon the defense presented, and alleged that the note was given for debts. and money loaned the appellee by his intestate. An amended petition was then filed by the administrator, in which it is alleged that T. Y. Jenkins, Sarah E. Hobby, &c., appellees here, had, since the execution and recording of the mortgage, purchased the land. of the mortgageor or were setting up some claim to. it. These parties answered, admitting the purchase.

of the land, and alleging that they had paid for it
a valuable consideration, and that the note and mort-
gage given to the appellant's intestate were for the
sole purpose of enabling Jenkins to defraud his
creditors.

The testimony in the case conduces to establish the
fraudulent intention of the parties to the note and
mortgage, and that no consideration existed for the
execution and delivery of either instrument.

The intestate was a man of but limited means, and
in no condition to indulge the appellee, Jenkins, for
nine or ten years in the payment of such a sum of
money, and besides, to permit him, without com-
plaint, so far as appears from this record, to con-
vey the security given for the debt to others, and
deliver to them the possession. Jones, the obligee
in the note and appellant's intestate, lived until the
year 1881 without any effort to coerce payment, and
when he must have known that this land was sold,
or the greater part of it, by Jenkins, and deeds made
to the purchasers.

There is no attempt to show any indebtedness on
the part of Jenkins to Jones, except on the sale of
one crop of tobacco, and there is no proof that the
value of this tobacco approximated even the amount
of the note. It was not worth exceeding three hun-
dred dollars. The parties were brothers-in-law, and
the circumstances connected with the entire trans-
action leave but little doubt as to the origin of the
claim sought to be enforced.

The transaction between Jenkins and Jones being
actually fraudulent, the purchasers for value are not

.affected by either a constructive or actual notice of the mortgage.

The rule is that a voluntary conveyance is *prima facie* fraudulent as to a subsequent purchaser for value, and unless the purchaser has actual notice of the transfer or conveyance, his title is perfect, and in no manner affected by the fact that the voluntary conveyance is of record. Actual and not constructive notice must be brought home to the purchaser. This is not a mere voluntary conveyance, but a conveyance tainted with actual fraud, in which both the mortgageor and the mortgagee have participated, and the question of notice to a purchaser for value does not arise, as he holds the title in such a case, although he may have both constructive and actual notice of the conveyance. Such a conveyance is void as to the purchaser who pays his money for the land.

In the case of Bibb v. Bibb, 17 B. Monroe, 292, it was held, that where the conveyance was executed and based upon no other consideration than that of vesting the title in the grantee to defraud creditors, the grantor could not make such a defense against the grantee seeking to recover the land by reason of his title. In an executed conveyance, although fraudulent, the title as between the parties passes to the grantee, but in an executory agreement the fraud may be relied on to prevent its specific execution. So as between the appellee Jenkins and the intestate, the Chancellor would have declined to render a judgment of foreclosure if the mortgage can be regarded as passing the absolute title.

In the case of Brookover v. Hurst, 1 Met., 665, it

Jones' Adm'r v. Jenkins, &c.

was held by this court that a mortgage being an executed conveyance, it transferred to the mortgagee the legal title, and that upon a breach of the condition the title became absolute at law. The ancient rule on the subject was, that when the condition was broken, the mortgagee had the right of entry, and could maintain his ejectment, but this doctrine has been greatly modified under our system. Until recently, this court made but a slight difference between a mortgage and an absolute conveyance upon the question of title, holding that the legal title passed to the mortgagee, with the equity in the mortgageor. The mortgageor is now the real owner of the estate mortgaged, whether you pursue him in a court of law or a court of equity, and the mortgagee holds the estate mortgaged as a security only for the debt. It is a mere lien of the creditor that can only be enforced in a court of equity; so there is now a manifest difference between an executed conveyance of realty and a mortgage given by the real owner to secure his indebtedness. In the latter case, the debtor may make defense to prevent a foreclosure upon the ground that the conveyance was made to defraud creditors, while no such defense would be allowed in an executed conveyance.

In the case of Brookover v. Hurst, above, the court held that so far as the contract was executory it could not be enforced, but intimated that the mortgage would be obligatory on the parties, because when the condition was broken the title was absolute. We think it plain that now, the equitable right of the mortgagee to foreclose will not be enter-

tained by the Chancellor upon facts offered by the defense conducing to show that the sole purpose of the mortgage was to defraud others. It results, therefore, that the Chancellor properly adjudged that the appellant, the administrator, was not entitled to recover either against the obligor Jenkins or the purchasers of the land from him..

It is complained by the appellant that as administrator he was at least entitled to a judgment on the note if not allowed to enforce his lien.

The want of consideration is clearly shown, and we see no reason why the defense will not prevail as against any personal judgment in favor of the administrator; and besides, the land having been mortgaged with a fraudulent intent, the Chancellor will not only refuse to .foreclose the. mortgage, but will decline to aid the plaintiff in any way in his effort to make the fraud result to his own benefit.

The judgment below, for the reasons indicated, must be affirmed. (Nellis v. Clark; 20 Wend., 24; Wheeler vs. Russell, 17 Mass., 258; Miller v. Marckle, 21 Ill., 152.)