## The H. T. Hackney Co., et al. v. Noe, Noe v. Hackney, et al.

(Decided February 15, 1912.)

### Appeals from Harlan Circuit Court.

1.    Deed by Debtor to Wife—Valuable Consideration—Effect as to Creditors.—A conveyance made for a valuable consideration by a debtor to his wife will not be set aside at the instance of creditors whose debts were subsequently created unless the deed was

in fact executed with a fraudulent intent to cheat or delay creditors.

2. Jurisdiction—Several Creditors—Separate Judgments.—Separate judgments in favor of several creditors, each for less than $200, where one creditor has no interest in the judgment in favor of the other, and the amount recovered is less than $200, are not within the jurisdiction of this court.

3. Debtor in Bankruptcy—Discharge—Fraudulent Conveyance.—A discharge of the debtor in bankruptcy will not defeat an action brought against him to set aside a fraudulent conveyance more than four months before the institution of the bankruptcy proceeding, but it will prevent a personal judgment against him in the action.

W. F. HALL for Hackney Company., et al.

H. C. HALL attorney for Bettie Noe and Pearl Noe.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Pearl Noe on August 2, 1909, conveyed to Smith Ball a store house and lot which he owned in Harlan, Kentucky, and Ball on the same day conveyed to Bettie Noe, the wife of Pearl Noe, a town lot in Harlan, the trade between them being this: Ball paid to Pearl Noe or for him $550, and conveyed the lot for the storehouse, the storehouse being estimated at $800 and the lot at $250. Mrs. Bettie Noe declined to sign the deed to the storehouse and lot unless the other lot was conveyed to her. The conveyance was made to her in consideration of her signing the deed to the storehouse and lot. The H. T. Hackney Company, The Thomas, Andrew Company, the Lockett Reeves Company and the Jellico Grocery Company brought these suits against Pearl Noe and his wife, Bettie Noe, to set aside the deed to her for the lot on the ground that it was fraudulently made to defeat the collection of their debts and was without consideration. Pearl Noe filed an answer in which he pleaded that he had been discharged in bankruptcy. On final hearing of the case the court entered a personal judgment against Pearl Noe for the debts sued for by the plaintiffs and dismissed their petition in so far as they sought to set aside the deed to Bettie Noe. From this judgment the creditors have appealed, and Pearl Noe has also prosecuted an appeal.

By section 1906, Kentucky Statutes, all conveyances of his estate by a debtor with intent to defraud his cred-

itors, are void as against such creditors. By section 1907, Kentucky Statutes, every conveyance made by a debtor of any part of his estate without valuable consideration therefor, is void as to all his then existing liabilities, but shall not on that account alone be void as to creditors whose debts are thereafter contracted. All of the debts sued for here were contracted after the conveyance in question was made, except $29.39 of the debt of the Jellico Grocery Company, and we are satisfied from all the proof that the conveyance of the lot to Mrs. Noe was not made for the purpose of defeating this debt of $29.39. The deed to her was not without consideration. She had an inchoate right of dower in the storehouse property. This she released in consideration that the other lot should be conveyed to her. We can not say from the evidence that the circuit court erred in refusing to hold that the deed was made to her with a fraudulent intent to cheat creditors whose debts were afterwards created. We give considerable weight to the finding of the chancellor on questions of this sort, and we do not disturb his finding on doubtful evidence.

The judgment dismissing the petition of the creditors in so far as they sought to set aside the deed to Bettie Noe is affirmed.

On the appeal of Pearl Noe from the personal judgments against him, we have this state of the record. Each of the creditors filed a separate suit to recover its debt and to set aside the conveyance to Bettie Noe. Separate answers were filed in each case and the four cases were then consolidated. By the judgment the H. T. Hackney Company recovered of Pearl Noe $122.20, the Thomas, Andrews Company recovered $111.35, the Lockett Reeves Company $95.75 and the Jellico Grocery Company $289.70. Neither creditor has any interest in the judgment recovered by the other. The rule is that where several judgments are rendered against one defendant the amount of each judgment determines the jurisdiction on appeal. (Newman on Pleadings, section 657.) The judgments in favor of the H. T. Hackney Company, the Thomas, Andrews Company and the Lockett Reeves Company being less than $200, this court is without jurisdiction, and the appeal of Pearl Noe as to them is dismissed. (Covington v. Jordan, 125 Ky., 73.)

While the bankruptcy of Pearl Noe did not affect the rights of the plaintiffs to prosecute this action to sub-

ject to their debts the property conveyed to Bettie Noe the action having been instituted more than four months before the bankruptcy proceedings were begun, the discharge of Pearl Noe in bankruptcy, the creditors being parties to and having notice of that proceeding, was a bar to a personal judgment against him for the debts in the action, and the circuit court erred in giving judgment in favor of the Jellico Grocery Company against Pearl Noe for $289.70.

On the appeal of Pearl Noe against the Jellico Grocery Company, the judgment in its favor against him is reversed and the cause is remanded, with directions to the circuit court to dismiss its petition, in so far as it sought a personal judgment against him.