## Ball, Trustee v. Brown-Ross Shoe Co.

(Decided December 12, 1919.)

### Appeal from Harlan Circuit Court.

1. Fraudulent Conveyances—Transactions Subject to Attack by Creditors.—In 1910 B conveyed property to his wife. In January, 1916, the same property is conveyed by B and his wife to B's brother, as trustee, and in December, 1916, reconveyed to B as trustee for his daughter. There being sufficient evidence that no consideration passed, these conveyances were fraudulent and void under section 1906, Kentucky Statutes, as to B's creditors, past, present and prospective.

2.   Fraudulent Conveyances—Character of Indebtedness.—The deed
     to B's wife in 1910 not being bona fide, it is immaterial that his
     indebtedness to appellee was created after the execution of the
     deed.

J. S. FORESTER for appellant.

ZEB. A. STEWART for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In 1915 appellee recovered a judgment against John H. Ball for $155.70, with costs and interest from February 6, 1913. After an execution had been returned "no property found" appellee instituted this action in equity under section 439 of the Code to enforce satisfaction of this judgment and, attacking as fraudulent and void the several deeds hereinafter described, levied an attachment upon a house and lot in the city of Harlan, Ky., as the property of the judgment defendant. From a judgment holding the deeds fraudulent and void as to the appellee, sustaining the attachment and ordering a sale of the property to satisfy the original judgment John H. Ball, trustee of Mary Ball, is appealing.

John H. Ball owned the attached property prior to November, 1910, when he conveyed it to his wife, Louisa Ball, for the recited consideration of $750.00 cash in hand paid.

In January, 1916, "John H. Ball and his wife, Louisa," conveyed it to his brother, Smith Ball, as trustee, but without stating for whom he was trustee, for the recited consideration of "one dollar and other good and valuable considerations." In December, 1916, the latter reconveyed it to John H. Ball, trustee for Mary Ball, his nine-year old daughter, it being recited in the deed that the grantee "has the right to lease, rent, sell or otherwise dispose of said property for the benefit of the said Mary Ball, at his pleasure."

These conveyances and the testimony of the Balls, despite their efforts to create a different impression, prove rather conclusively we think, as evidently did the chancellor, that no consideration whatever passed between the parties for any of these deeds; that John H. Ball's beneficial ownership and absolute control of the property was never disturbed in the least; that Smith

Ball was not trustee for anyone other than John H. Ball during the time he held the title to the property as trustee, and that the only purpose of the several transactions between these closely related parties was to insure John H. Ball's enjoyment of the property whatever the result of his business ventures. From which it follows that each of these conveyances was fraudulent and void under section 1906, Kentucky Statutes, as to John H. Ball's creditors, past, present and prospective. Williamson v. Morris, 166 Ky. 231; Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454; McDonough v. McGowan, 165 Ky. 277; Stix v. Calender, 156 Ky. 806; Frazier v. Frisbie Furniture Co., 86 S. W. 539; Wigginton v. Minter, 88 S. W. 1082; Doyle v. Sleeper, 1 Dana. 531.

It is therefore immaterial that his indebtedness to appellee was created after the execution of the deed to his wife or that the deed to her could not have been attacked as fraudulent had it been a *bona fide* transaction, and the cases of Pace's Trustee v. Pace, et al., 162 Ky. 457: H. T. Hackney Co. v. Noe, 146 Ky. 818; Morton v. Jones, 136 Ky. 797, and other like cases cited by appellant are not in point because the conveyances attacked therein were real conveyances made in good faith.

Judgment affirmed.