## McDONNOLD v. FIRST NAT. BANK OF LADONIA et al.  (No. 2957.)

(Court of Civil Appeals of Texas. Texarkana. June 19, 1924.)

**Bankruptcy ⬥418(1)—Personal judgment against bankrupt after discharge erroneous, notwithstanding provision against issuance of execution.**

Personal judgment against bankrupt after his discharge, for amount of notes executed by him, *held* erroneous, notwithstanding provision that no execution should issue against him.

Error from District Court, Fannin County; C. A. Wheeler, Special Judge.

Suit by the First National Bank of Ladonia and another against P. T. McDonnold and others. From judgment against named defendant and another, he brings error. Reformed and affirmed.

By an instrument dated November 27, 1920, purporting to be an absolute deed, plaintiff in error P. T. McDonnold, and his wife, conveyed 50 acres of the J. H. Larabee survey in Delta county to G. F. McDonnold. It appeared from recitals in the instrument that the consideration for the conveyance was $10,000, which was covered by seven promissory notes made by G. F. McDonnold, dated December 1, 1920, one of them for $4,000, payable to the order of P. T. McDonnold five years after its date, and the others for $1,000 each, payable to the order of said P. T. McDonnold December 1, 1922, 1923, 1924, 1925, 1926, and 1927, respectively. By the terms of the instrument the payment of the note for $4,000 was secured by "a first or superior lien" retained on the land, and the payment of the other six was secured by "a second or inferior lien" retained thereon.

By his promissory note dated December 1, 1920, P. T. McDonnold undertook to pay $2,781 to the order of the First State Bank of Ladonia on December 1, 1921, and by his promissory note dated June 15, 1921, he undertook to pay $3,150 to the First National Bank of Ladonia at or before the expiration of six months from said June 15, 1921. There was testimony, undisputed, that this note was an extension of one made and dated December 1, 1920, payable six months after its date. On the day last mentioned, to wit, December 1, 1920, P. T. McDonnold deposited the six notes for $1,000 each, mentioned above, with said First National Bank of Ladonia, to be held by it as collateral security for his indebtedness to it and also his indebtedness to said First State Bank of Ladonia.

By a deed dated March 2, 1921, G. F. McDonnold reconveyed the 50 acres of land to P. T. McDonnold, the consideration recited in the instrument being the cancellation of the $4,000 note G. F. McDonnold had given therefor and the assumption by P. T. McDonnold of the payment of the six notes for $1,000 each which he (G. F. McDonnold) had made to said P. T. McDonnold, and which were held by said First National Bank of Ladonia as collateral security as stated above.

This suit was by the two banks mentioned, defendants in error here, against P. T. McDonnold, G. F. McDonnold, and W. A. Cockrell. The banks alleged in their petition that it was stipulated in the six notes for $1,000 each that a failure to pay any of them or any installment of interest thereon when due, at the option of the holder should operate to mature all of them. They further alleged that P. T. McDonald had been adjudged a bankrupt, and that W. A. Cockrell, as his trustee in bankruptcy, claimed to own the 50 acres of land. In his answer to the suit P. T. McDonnold set up his discharge in bankruptcy and alleged that the land he and his wife conveyed to G. F. McDonnold was a part of their homestead, that the conveyance was a pretended and not a real one, and therefore was void, and that the banks knew the facts stated at the time the six notes made by said G. F. McDonnold were deposited with the First National Bank as collateral security. The answer of G. F. McDonald consisted of a general denial only. Cockrell made no answer to the suit. After hearing the testimony, the court instructed the jury to find in favor of the First National Bank against G. F. McDonnold for the amount of the $3,150 note, and in favor of the First State Bank against said G. F. McDonnold for the amount of the $2,781 note, and for a "foreclosure of lien on the 50 acres of land as prayed for." The jury found as they were instructed to, and thereupon the court rendered judgment against P. T. McDonnold and G. F. McDonnold, in favor of the First National Bank for the amount of said $3,150 note, and in favor of the First State Bank for the amount of said $2,781 note. The judgment also foreclosed the vendor's lien retained, as alleged, to secure the payment of the six notes for $1,000 each, and directed a sale of the 50 acres of land and the application of the proceeds thereof to the amount adjudged to the banks, respectively. The appeal was prosecuted by P. T. McDonnold alone.

J. N. Townsend, of Dallas, for plaintiff in error.

Cunningham, McMahon & Lipscomb, of Bonham, for defendants in error.

WILLSON, C. J. (after stating the facts as above). The contention presented by the first assignment of error, to wit, that the court erred when he instructed the jury to find that appellees were entitled to a foreclosure

of the lien they claimed on the 50 acres of land, is predicated on the view that the land was a part of P. T. McDonnold's homestead, and that there was testimony which would have supported a finding that the sale thereof to G. F. McDonnold was a pretended one in violation of section 50, art. 16, of the Constitution. The assignment is overruled. We have carefully read the testimony in the statement of facts, and, as we understand it, none of it tends in the least to show that the sale was a pretended one, and not a real one as it purported to be.

The contention that the court erred when he rendered judgment against P. T. McDonnold for the amount of the notes he made to appellees, respectively, is sustained. Appellees alleged in their petition that P. T. McDonnold "was duly adjudged a bankrupt," and P. T. McDonnold, in his answer to the suit set up, and at the trial proved, that on November 15, 1922, he was discharged by an order of the federal District Court from all debts and claims provable "against his estate, and which existed on the 1st day of October, 1921." The discharge was a bar to a personal judgment against P. T. McDonnold in appellees' favor for any amount (Hackney Co. v. Noe, 146 Ky. 818, 143 S. W. 418; 7 C. J. 395), and it was error for the court to adjudge as he did, notwithstanding he at the same time provided that no execution should issue in appellees' favor against P. T. McDonnold for the amount of the recovery allowed them.

The judgment will be so reformed as to deny appellees a personal judgment against P. T. McDonnold for any sum, and as so reformed will be affirmed.