## Garrison v. W. T. Sistrunk & Company.

(Decided February 19, 1926.)

### Appeal from Harlan Circuit Court.

1. Fraudulent Conveyances—Evidence Held to Support Chancellor's Finding Father Paid for Land, and that Title Thereto was Fraudulently Permitted to be Taken in Name of His Son.—Evidence held to support chancellor's finding father purchased and paid for land, and that title thereto was fraudulently permitted by him to be taken in the name of his son, and to justify conclusion that the land belonged in fact to the father.

2. Fraudulent Conveyances—Creditor May Subject to His Debt Property Paid for by Debtor, but Title to which he Fraudulently had Taken in Name of Another to Evade Existing or Future Obligations.—In view of Ky. Stats., section 1907a, creditor may subject to his debt property paid for by debtor, but title to which he fraudulently had taken in name of another to evade existing or future obligations, notwithstanding whether enforceable trust existed under section 2353 between such debtor and person taking title.

3. Fraudulent Conveyances—Equity will Not Enforce for Either Party Fraudulent Scheme to which Both are Parties.—Equity will not enforce for either party fraudulent scheme to which both are parties.

4. Fraudulent Conveyances—Unrecorded Conveyance to Son of Land which Father Paid for, Improved as His Own, and of which he was in Possession, was Fraudulent as Against Father's Creditors.—Unrecorded conveyance to son of land which father paid for, improved as his own, and of which he was in possession claiming ownership, held fraudulent as against father's creditors, past, present, and prospective, in view of Ky. Stats., section 1907a.

5. Fraudulent Conveyances—Mortgagee Held Not Required to Institute Separate Suit to Set Aside Unrecorded Deed of Land to Son as Condition Precedent to Enforcement of Father's Mortgage Against it.—Where suit by creditor to foreclose a mortgage given by defendant against land title to which was taken in name of codefendant's son, under an unrecorded deed, raised the issue whether the conveyance was fraudulent as against plaintiff, the latter was not required to institute a suit to set aside the deed as condition precedent to foreclosing; the law not contemplating such circuity of action.

F. H. JOHNSON for appellant.

FORESTER & ACREE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

In 1919 and 1920 W. M. Garrison, the father of appellant, was engaged in the mercantile business in Harlan

county, and appellee, a corporation, was engaged in the wholesale grocery business at Lexington.

On the 31st of October, 1919, there was conveyed to appellant, a son of W. M. Garrison and then only 18 years of age, two tracts of land in Harlan county by one Tucker for the consideration of $500.00, of which $300.00 was then paid, and two notes for one hundred dollars each executed for the deferred payment, which latter two notes were subsequently paid. The deed to appellant was not placed upon the record until after the mortgage hereinafter referred to by his father to appellee was executed.

After the conveyance to appellant by Tucker, W. M. Garrison moved his grocery store and place of business on one of the tracts of land so conveyed to his son, and made certain improvements thereon, and at all times before the placing of the deed to the young man on record he appeared to be in possession of the two tracts of land and claimed to be the owner. Between the date of that deed in 1919 and December 16, 1920, the elder Garrison became indebted to appellee in the sum of $1,971.00, and on the latter date executed to it his note for that amount, and simultaneously executed to it a mortgage on the two tracts of land, so deeded to his son, to insure its payment. In that mortgage it is recited that the two tracts of land were conveyed to his infant son, Rue Garrison, but "the said Rue Garrison was not the real owner of said lots, but was holding same under said deed from the said Tucker and wife for the benefit of the said parties of the first part, and whereas the full consideration recited in said deed was paid by the said William Garrison to the said Tucker, and he is the real owner of the said property."

This is an equitable action by appellee against William Garrison and his wife and the son, Rue Garrison, wherein it is alleged in substance that the deed of October 31, 1919, to the defendant Rue Garrison was made for a fraudulent purpose, he at the time being an infant under 21 years of age, although the defendants William and Lydia are the real owners of the said lots referred to, and that Rue Garrison is only holding the same for the benefit of his father and mother; that although the deed was made to Rue Garrison the full consideration for the said conveyance was paid by William and Lydia Garrison to said Tucker, and that they are the real owners of the same.

No answer was filed by the defendants William and Lydia Garrison, but the defendant Rue Garrison filed his separate answer wherein he denied the essential allegations of the petition, and asserted ownership in himself, alleging the payment by him of the full consideration.

After elaborate preparation and the taking of considerable evidence, the cause was submitted and the court entered a judgment that the two lots were the property of the defendant W. M. Garrison and not the property of Rue Garrison, and entered a judgment enforcing the mortgage of appellee upon the same as the property of W. M. Garrison, and from that judgment Rue Garrison is appealing.

It may be admitted that the evidence, as to who actually paid the consideration to Tucker, is very conflicting, but in the light of certain circumstances appearing in the record we are convinced the chancellor's judgment is supported by the weight thereof. It appears that the deal for the two lots was made by W. M. Garrison with Tucker, and that he paid to Tucker the $300.00 cash payment, and that the younger Garrison at the time was only 18 years of age; it appears that W. M. Garrison shortly thereafter moved on to the property, made improvements thereon and claimed to be the owner of the same up to the time the mortgage to appellee was executed, and that during all that time the deed to his infant son had not been placed upon the record. It further appears that W. O. Garrison at the time the deed was made by Tucker to his infant son entered into written obligations, whereby he guaranteed the payment of the two $100.00 notes so executed by his son for the deferred payments. These facts and circumstances taken in connection with the fact that W. M. Garrison was at the time heavily involved in debt, and that he shortly thereafter in the course of his business became heavily indebted to appellee, and held himself out as the owner of these two lots at a time when the deed to his son had not been placed upon the record, are sufficient to uphold the finding of the chancellor that the transaction was actually fraudulent, and to justify the entry of the judgment to the effect that it was in fact the property of W. M. Garrison.

It is said by appellant that because under the provisions of section 2353, Ky. Stats., there was no enforceable trust as between the father and son by reason of the

father's payment of the consideration and having the property conveyed to the son, that the father could execute no valid mortgage upon the property which gave to his creditor an enforceable lien.    Section 2353 provides:

> "When a deed shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the latter."

But there can be no valid contention made that if one pays for property and has the title taken to another for the actually fraudulent purpose of evading his existing or future obligations that his creditors may not in equity subject the property so held by another for him. It is quite immaterial whether there was an enforceable trust in existence as between the father and son; the question was whether it was in truth and in fact the father's property, paid for by him and subject to his debts. It would be a just reflection upon the law and its administration to say that one might be the equitable owner of unlimited property held by another for him, and yet because there was no enforceable equity as between the real owner and the holder that the former's creditors could not in equity subject it. The facts of the instant case furnish an apt illustration. The father and son go into a fraudulent scheme by which the former's property is conveyed to the latter for the purpose of evading the payments of the former's debts. Apart from the statute this is a fraudulent scheme to which they are both parties, and which therefore equity will not enforce for either; but is that any reason why the creditors of the real owner may not subject the property to his debts?

The action comes within the very spirit, if not the precise letter, of the provisions of section 1907a, Ky. Stats.    That section provides:

> "That hereafter in this Commonwealth it shall be lawful for any party who may be aggrieved thereby when any real property has been fraudulently conveyed, transferred, or mortgaged, to file, in a court having jurisdiction of the subject matter, a petition in equity against the parties to such fraudulent transfer or conveyance or mortgage, or their representatives or heirs, alleging therein the facts showing their right of action and alleging such fraud, or the facts constituting it, and describing such property, and when done a *lis pendens* shall be created upon the property so described."

The only difference between this equitable action and the one therein described is that in the one it is unnecessary for the creditor to have a mortgage executed by his debtor, he may proceed in equity without such mortgage upon the equitable ground that the property is the property of his debtor; while in the other he merely proceeds against the claimant of the property, alleging in substance that it is in fact the property of his debtor, and asking for its subjection under the terms of the debtor's mortgage.

Obviously in this case the conveyance to the son was fraudulent as to the father's creditors, past, present and prospective. Bell v. Brown-Ross Shoe Company, 186 Ky. 254.

But it is said for appellant that even though the transaction by which the title to the father's property was placed in the son was fraudulent that the mortgage could not be enforced until an action had been brought and the deed to the son set aside. To this we cannot assent, for it would necessitate a circuity of action which the law does not contemplate. In the present action both the father and son are parties, and the distinct issue has been made whether the conveyance which the father caused to be made to the son was fraudulent, and we cannot see the necessity of driving a creditor under such conditions to bringing two actions when the same relief may be secured in one.

The chancellor's views were in accord with the ones we have expressed, and his judgment conforms to the equities of the situation.

Judgment affirmed.