## Elmore, et al. v. Overstreet, et al.

(Decided May 13, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Fraudulent Conveyances.—Under Ky. Stats., sections 1906, 1907, conveyance actually fraudulent as to grantor's creditors is void as to subsequent purchasers for value from grantor, who are not affected by either actual or constructive notice, while conveyance which is merely voluntary, and hence only constructively fraudulent, is void as to such purchasers, unless they have actual notice thereof; constructive notice being insufficient to affect them.

2. Fraudulent Conveyances.—Evidence held sufficient to authorize chancellor's finding that mortgage executed by father to son was without consideration and fraudulent as to father's past, present, and prospective creditors.

3. Fraudulent Conveyances.—Creditors of one fraudulently conveying his property to his son for purpose of evading payment of his debts may subject property thereto under Ky. Stats., section 1907a, though there is no enforceable equity as between father and son.

MATT J. HOLT and FOSTER HOLT for appellants.

BEN F. EWING for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellees, Brent C. Overstreet and J. L. Richardson, brought an action to enforce a mortgage securing a note for $2,400.00, which was executed on December 14, 1923, by the appellants David C. Elmore and Mary J. Elmore, his wife.

David C. Elmore had been indicted in the Jefferson circuit court, charged with murder and employed the appellees to represent him for an agreed fee of $2,500.00, of which $100 was paid in cash.

The appellant Joseph V. Elmore later filed a suit in the Jefferson circuit court against David C. Elmore and Mary J. Elmore, in which he sought to recover $2,000.00 on a note executed to him on June 1, 1922, and secured by a mortgage on the same property on which a mortgage was later executed to the appellees; the mortgage to secure the $2,000.00 note having been recorded on July 7, 1922. Joseph V. Elmore is the son of David C. Elmore and Mary J. Elmore. The two actions were consolidated and heard together. The appellant David C. Elmore claimed that the note for $2,400.00, given to appellees, was conditional upon their securing his acquittal, but the chancellor properly found that he had failed to show that the note had been given upon any such condition, and gave the appellees a judgment for the amount of the note and interest, subject to certain credits. The chancellor further found that the mortgage executed by David C. Elmore and wife to Joseph V. Elmore was without consideration and fraudulent, and adjudged the appellees a superior lien on the mortgaged property and ordered it sold to satisfy the debt to them.

The note for $2,000.00, dated June 1, 1922, was never produced. The appellant Joseph V. Elmore testified at one time that he had given the note to his mother for the purpose of protecting her in the event anything happened to him, and at another time he testified that he had merely delivered it to her for safe-keeping. Upon the question of consideration for the note, both Joseph V. Elmore and David C. Elmore testified that, when the son was 14 or 15 years old, he had been injured, and the father had recovered a judgment in a suit based on the injury, and had failed to account to the son for the amount recovered, and the money thus withheld was the consideration for the note of $2,000.00. It later developed in the trial of the case that the sum so collected was $100.00, of which $50.00 was paid to attorneys. The Elmores then testified that the consideration for the $2,000.00 note was the payment by the son some years before of certain notes of his father for deferred installments of the purchase price of property which he had purchased. The total amount of these notes claimed to have been paid by Joseph V. Elmore was $375.00. The testimony as to the consideration for the $2,000.00 note given to Joseph V. Elmore was very unsatisfactory and strongly points to an effort on the part of David C. Elmore to protect himself against future creditors.

Under section 1906, Kentucky Statutes, a conveyance which is actually fraudulent as to the grantor's creditors is void as to subsequent purchasers for value from the grantor, such purchasers not being affected by either actual or constructive notice of the conveyance; and, under section 1907, Kentucky Statutes, a conveyance which is merely voluntary, and therefore only constructively fraudulent, is void as to such purchasers, unless they have actual notice of the conveyance, constructive notice not being sufficient to affect them. Jones v. Jenkins, 83 Ky. 391, 7 Ky. Law Rep. 408; Brown v. Connell, 85 Ky. 403, 3 S. W. 794, 9 Ky. Law Rep. 27; Scott, v. Scott, 172 Ky. 658, 190 S. W. 143.

The evidence in this case was amply sufficient to authorize the finding of the chancellor that the mortgage executed by the father to his son, Joseph V. Elmore, was without consideration and fraudulent as to the father's creditors, prospective as well as past and present. The reasoning in the opinion in Garrison v. Sistrunk, 213 Ky.

138, 280 S. W. 928, is peculiarly applicable to the facts in this case, the court saying:

"But there can be no valid contention made that if one pays for property and has the title taken to another for the actually fraudulent purpose of evading his existing or future obligations that his creditors may not in equity subject the property so held by another for him. It is quite immaterial whether there was an enforceable trust in existence as between the father and son; the question was whether it was in truth and in fact the father's property, paid for by him and subject to his debts. It would be a just reflection upon the law and its administration to say that one might be the equitable owner of unlimited property held by another for him, and yet because there was no enforceable equity as between the real owner and the holder that the former's creditors could not in equity subject it. The facts of the instant case furnish an apt illustration. The father and son go into a fraudulent scheme by which the former's property is conveyed to the latter for the purpose of evading the payment of the former's debts. Apart from the statute this is a fraudulent scheme to which they are both parties, and which therefore equity will not enforce for either; but is that any reason why the creditors of the real owner may not subject the property to his debts? The action comes within the very spirit, if not the precise letter, of the provisions of section 1907a, Kentucky Statutes."

After quoting from the statute, the opinion continues:

"The only difference between this equitable action and the one therein described is that in the one it is unnecessary for the creditor to have a mortgage executed by his debtor; he may proceed in equity without such mortgage upon the equitable ground that the property is the property of his debtor; while in the other he merely proceeds against the claimant of the property, alleging in substance that it is in fact the property of his debtor, and asking for its subjection under the terms of the debtor's mortgage. Obviously in this case the conveyance to the son was

fraudulent as to the father's creditors, past, present and prospective. Ball v. Brown-Ross Shoe Co., 186 Ky. 254, 216 S. W. 612.

"But it is said for appellant that even though the transaction by which the title to the father's property was placed in the son was fraudulent that the mortgage could not be enforced until an action had been brought and the deed to the son set aside. To this we cannot assent, for it would necessitate a circuity of action which the law does not contemplate. In the present action both the father and son are parties, and the distinct issue has been made whether the conveyance which the father caused to be made to the son was fraudulent, and we cannot see the necessity of driving a creditor under such conditions to bringing two actions when the same relief may be secured in one."

By section 1906, Kentucky Statutes, every conveyance made with the intent to delay, hinder, or defraud creditors shall be void, the only exception allowed by the statute being that it shall not affect the title of the purchaser for valuable consideration, and this exception does not apply if it appear that he had notice of the fraudulent intent of his immediate grantor.

The evidence shows very conclusively that there was no consideration for the mortgage executed by David C. Elmore to his son Joseph V. Elmore, and that its only purpose was to insure David C. Elmore's enjoyment of the property whatever the result of his business ventures.

Finding no error authorizing a reversal of the judgment, it is accordingly affirmed.