## Underwood et al. v. Artis et al.

(Decided February 19. 1929.)

L. D. BRUCE and J. D. ATKINSON for appellants.

COLDIRON & HARRIS and H. R. DYSARD for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On May 14, 1925, H. E. Underwood bought a garage from John Artis for which he executed his note for $1,376. A. J. Vaughan signed the note as surety for Underwood. It was not paid when it became due, whereupon Artis instituted suit against Underwood and Vaughan to recover a judgment on the note. He also made Nolda Vaughan, the wife of A. J. Vaughan, a party to the suit, asking that a certain deed which had been executed to her by her husband for real estate be canceled as fraudulent.

The First National Bank of Russell, having a mortgage against the real estate, was also made a party. The chancellor canceled the deed, and the appellants, A. J. and Nolda Vaughan, are here complaining about the judgment.

A. J. Vaughan conveyed the real estate to his wife in September, 1924, but she forgot to place her deed on record until about a month after the execution of the note sued on. It is admitted that the property was conveyed to her by her husband without a valuable consideration, or, if it is not admitted, the facts clearly disclose that such is the case.

If a party be in debt at the time of the conveyance of all his property, such conveyance is presumed to be fraudulent as to debts existing at the time, and this presumption does not depend upon the actual intention of the party conveying the property. If he conveys away all of his property leaving none to pay his debts, and the conveyance is made without a valuable consideration, the creditors at the time of the conveyance may thereafter attack it as provided in the statute and have the deed adjudged fraudulent. O'Kane et al. v. Vinnedge et al., 108 Ky. 34, 55 S. W. 711, 21 Ky. Law Rep. 1551, Garrison v. W. T. Sistrunk & Co., 213 Ky. 138, 280 S. W. 928. There are many other cases to the same effect.

Appellants do not seriously question the correctness of the judgment, except upon the idea that Vaughan told Artis at the time he signed the note that all of his property was in his wife's name and that he was not good on a note. Mr. Vaughan does not state in so many words that he advised Artis that the property which was standing in his name at the time on the records had been conveyed to Mrs. Vaughan. He only claims that he told him that his property was in his wife's name and that he was not good on a note. His evidence is indefinite and uncertain on the point, although it was enough to make an issue. He was supported in a measure by Underwood. All of this evidence was controverted by Artis in his testimony.

The sole question confronting the chancellor was whether Artis had actual notice that the land which he sought to subject to his debt had been conveyed away at the time he executed the note. It was admitted that he had no constructive notice. The chancellor was acquainted with the parties and the facts and circumstan-

ces. The evidence had to be weighed by some tribunal vested with the authority to weigh it. It does not strike us that the judgment of the chancellor was against the weight of the evidence. His conclusions should not be disturbed.

Judgment affirmed.