## Stevenson et al. v. Mutual Benefit Life Ins. Co. et al.

(Decided Nov. 4, 1936.)

ROUSE & PRICE for appellants.

F. A. HARRISON for appellee Insurance Co.

L. M. ACKMAN for appellee Frank Rook.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action by a creditor to set aside a deed under section 1906, Kentucky Statutes.

The grantor, Job E. Stevenson, is the son of the grantee, Katherine N. Stevenson. Frank Rook is a creditor of the son. The ground of attack on the deed as set out in the petition is, that on the 4th day of February, 1931, Job E. Stevenson, while indebted as set out therein, "with the fraudulent intent to cheat, hinder or de-

lay his creditors, including the plaintiff, and to defeat the collection of their demands against him, conveyed to "Katherine N. Stevenson, his mother, particular land situated in Grant and Owen counties, Kentucky."

After the action was instituted, Job E. Stevenson was adjudged a person of unsound mind and Katherine N. Stevenson was appointed his committee.

Without demurring to the petition, Katherine N. Stevenson filed an answer traversing it and asserted title to the land under the deed assailed in the petition. Her answer contains this allegation: She "purchased said land for a valuable consideration, as aforesaid; that she had no knowledge or notice of any fraudulent intent, and there was no fraudulent intent on the part of the said Job E. Stevenson * * * to in any way cheat, hinder or delay any of his creditors."

The answer was traversed by a reply; thus the issues were made. On the pleadings and the evidence the trial court adjudged the deed fraudulent as to Job E. Stevenson's creditors, set it aside, and directed the land sold to pay his debts.

Excepting a question raised for the first time in the brief of Katherine N. Stevenson, as to the sufficiency of the petition to state a cause of action against her, under section 1906, the determinative issue is one of fact; that is, was the deed made with the intent to delay, hinder, or defraud Job E. Stevenson's creditors, within the purview of this section, and did she have knowledge thereof at the time?

Reverting to the sufficiency of the petition to state a cause of action, it is true we have repeatedly ruled that, in order to state a cause of action under section 1906, plaintiff must plead facts showing a transfer by the debtor with the intent to defraud creditors and knowledge thereof by the purchaser under circumstances tantamount to actual fraud. Elmore v. Overstreet, 219 Ky. 813, 294 S. W. 475; Grand Lodge of Kentucky et al. v. First Nat. Bank of Kentucky et al., 251 Ky. 189, 64 S. W. (2d) 474.

Conceding that under this rule the allegations of the petition are insufficient to state a cause of action, Katherine N. Stevenson cannot avail herself of this defect, because in her answer she alleged that she "had no

knowledge or notice of any fraudulent intent and there was no fraudulent intent on the part of the said Job E. Stevenson in the execution and delivery of the deed.''

This allegation cured whatever defect in this respect existed in the petition. In this manner, the issue was made in the pleadings as to the fraudulent intent of Job E. Stevenson to defeat his creditors by the execution and delivery of the deed and her knowledge thereof. This issue was thus made by the pleadings to which the evidence of the parties was directed. It is too late for her to complain of the insufficiency of the allegations of the petition respecting it.

It is unnecessary to reproduce the evidence. Reviewing it for ourselves, without giving weight to the judgment of the chancellor, we are convinced that the verbal testimony of the witnesses and the circumstances adequately demonstrate the insolvency of Job E. Stevenson at the date of the deed, and the knowledge thereof on the part of Katherine N. Stevenson, and the purpose of the one to execute and deliver, and the other to accept, the deed to delay, hinder, and defeat Job E. Stevenson's creditors, and the court properly so decreed.

Other questions are discussed in the briefs of the parties, but, entertaining the views expressed, it would avail them nothing to extend this opinion for a discussion and disposition of them.

Wherefore the judgment is affirmed.