GARNER et al. v. HANCOCK et al.

Court of Appeals of Kentucky.

June 20, 1952.

Parker W. Duncan, Monticello, for appellants.

W. C. Dabney, Monticello, for appellees.

MORRIS, Commissioner.

Appellants, Garner and son, sued Hancock for $701.19 due them for automobile

repairs, accessories and gasoline. Their petition sets up essential grounds for a general attachment against Hancock's property. The record does not show order, issuance or levy of attachment, but it is evidenced by other pleading that there was a levy against a truck, ownership of which is the subject of controversy here.

There was no pleading by Hancock, but Carl Huff, the real and only party appellee, filed an intervening petition alleging that prior to institution of the suit and levy of attachment, he was the owner and in possession of the truck in question. He specifically denied other allegations of the petition and asked that the attachment be discharged, and that he be declared owner of the truck.

There was no responsive pleading by appellants. However, counsel for appellee frankly states that the petition was controverted of record. Without objection the case was submitted on the issue presented by the intervening petition. At the close of appellee's testimony, appellants' motion for a directed verdict was overruled. At the close of all the proof the court sustained appellee's motion for a directed verdict and the jury returned a verdict in his favor. Judgment was accordingly entered and appeal granted.

Huff testified that about two weeks prior to the filing of the suit, Hancock had delivered the truck in question to him, and had assigned to him the certificate of registration. At that time Hancock was indebted to Huff in the amount of several thousand dollars, the indebtedness being secured by mortgages on other property and on the truck, the latter being unrecorded. He said that after the truck had been transferred to him, Hancock had no interest in it, and he and his employees had used it in his lumber business. Immediately upon his possession he obtained a damage liability policy on the truck.

Hancock fully corroborated Huff's testimony and said that he had never used or driven the truck since September 16, the date of transfer. Several other witnesses corroborated Huff's and Hancock's testimony as to its use after the transfer.

The only witness offered by appellants was the son Raymond. He testified that after September 16, he had seen both Hancock and his son (employees of Huff) using and operating this particular truck. His testimony was considerably shaken on cross-examination, and Hancock and others had stated positively that neither Hancock nor his son had used the truck since its delivery to Huff.

Appellants' motion for new trial was based on the grounds that the court erred: (1) In overruling motion for a peremptory instruction; (2) in sustaining appellee's motion for a directed verdict; and (3) in refusing to give instructions offered by appellants on the issue of ownership.

The record does not contain any instruction offered by appellants, therefore, we are unable to consider whether or not the court was in error in refusing the tender. Appellants' other contentions are the same as set up in grounds (1) and (2) on motion for new trial.

It is argued that the transfer of the truck was fraudulent as against appellants, creditors who had no notice of the transfer; that there was no "actual delivery" of the truck because of noncompliance with statutory requirements in respect to registration of motor vehicles, and because of the provisions of KRS 378.040. A glance at that section does not lead to the conclusion that there was a fraudulent conveyance of the truck, since there was actual delivery for consideration and, as far as proof shows, made in good faith. We do not agree with the contention that the transfer was ineffectual to put title in Huff because of noncompliance with the registration laws. We have held that such statutes are primarily police regulations and do not necessarily affect or control the matter of ownership. Higginbotham v. Higginbotham's Trustee, 253 Ky. 218, 69 S.W.2d 329.

We need not carry a discussion of appellants' grounds further, since we agree with counsel for appellees that the failure of appellants to plead affirmatively to the intervening petition was fatal to their right to a directed verdict, and on the other hand justified the court in directing a verdict for

appellees. If appellants expected to test the question of validity or non-validity of the transfer, it was incumbent upon them to file a pleading which would properly raise an issue on the question of fraud, fraudulent or preferential conveyance, lack of consideration, bad faith, lack of notice or some element which might serve to vitiate the transaction. No proof was offered by appellants to sustain the attachment.

The allegations of appellants' petition setting up grounds for attachment were not sufficient to constitute a responsive plea to intervenor's petition. Stevenson v. Mutual Benefit Life Insurance Co., 266 Ky. 1, 98 S.W.2d 8. As we view the record, the only issue was whether or not there was an actual transfer and delivery of the truck, under which appellee became the owner. The testimony adduced by appellants was not sufficient to create a doubt, authorizing a submission of that issue to the jury. We are of the opinion that the court properly directed a verdict for appellee.

Judgment affirmed.